15 344
81 554

DENNISON VS. AUSTIN and others.

A note sued on was as follows: "April 1st, 1858. One year after date, for value received, we, as trustees of the Summerfield M. E. Church, for and in behalf of the said church, promise to pay Diana Taylor the sum of fifteen hundred dollars, with interest, &c. GEO. F. AUSTIN, EDWARD EMERY, M. STEEVER, W. A. CHAPMAN, R. P. ELMORE, Trustees Summerfield M. E. Church." *Held*, that whatever might be the conclusion as to the personal liability of the trustees in case they had bound the church, if they did not bind the church, they bound themselves.

The evidence did not show any vote by the board of trustees, at an authorized meeting, to execute said note or to borrow the money for which it was given, but the negotiation appeared to have been conducted principally by one of the trustees, and the loan effected without any such previous action, and two of the trustees signed the note, and the lender's agent then took it to the others and procured their signatures. *Held*, that the note was not binding upon the church.

Under sec. 12, chap. 66, R. S., 1858, regulating the mode in which trustees of religious societies shall act, the individual, disjointed action of the different trustees, at different times and places, although assenting to a thing which a majority might do when properly assembled, would not be binding upon the church corporation.

Whether the trustees of a religious society incorporated under said chapter, have authority to borrow money for the corporation without any direction from the *members* of the body, *quære*.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an action by the assignee of Diana Taylor, against the defendants personally, as the makers of a note of

which the following is a copy: "$1545. Milwaukee, April 1st, 1858. One year after date, for value received, we, as trustees of the Summerfield M. E. Church, for and in behalf of the said church, promise to pay Diana Taylor the sum of fifteen hundred and forty five dollars, with interest at the rate of twelve per cent per annum, payable semi-annually. GEO. F. AUSTIN, EDWARD EMERY, M. STEEVER, W. A. CHAPMAN, R. P. ELMORE, Trustees of the Summerfield M. E. Church." The material allegations of the answers to the complaint were, that at the time of the execution of said note, the defendants were trustees of a religious society, duly incorporated under the name of the "Summerfield M. E. Church," and signed the note in their official capacity as such trustees, for a debt due from said church to the payee of said note for money borrowed of her for the sole use of said corporation, of all which the said payee had full notice; that said note is the note of said corporation, and not the note of the defendants, and the money mentioned therein is due from said corporation, and not from them.

On the trial, the plaintiff having read the note in evidence and rested, the defendants gave evidence tending to show that they, together with Mr Lakin and one other person, were the trustees of the Summerfield M. E. Church, at the time the note in suit was given; that the money for which the note was given, was borrowed for the purpose of paying a lien on the church building and was used for that purpose; that E. S. Taylor, who was the agent of Diana Taylor in lending the money, knew at the time for what purpose the money was borrowed, and that a mortgage on the church property was given at the same time with the note, to secure its payment; but there was evidence also tending to show that no order authorizing the execution of the mortgage had been obtained from the circuit court, as required by the statute.

*Mr. Austin*, sworn on his own behalf, was asked by the plaintiff if it was not understood at the time Mr. Taylor agreed to loan the money, that he was to have the personal responsibility of the trustees. An objection to the question was overruled, and the witness answered. "It was not; we had the understanding that we should not be personally lia-

January Term, 1862.

Dennison v. Austin et al.

ble." The defendants gave in evidence also, several receipts for interest on the note, signed by Mr. Taylor as agent for Diana Taylor, one of which was as follows: "Sept. 15, 1859. Received this day from *Mr. George F. Austin*, $113, to be applied on account of interest due Mrs. Diana Taylor from the Summerfield M. E. Church;" and an order drawn by Mr. Taylor, as agent, in 1859, in these words: "The Trustees of the Summerfield M. E. Church will please pay H. C. T., or order, eighteen dollars, and charge to account of Mrs. Taylor."

E. S. Taylor, called as a witness for the plaintiff, was asked by him to state "the circumstances connected with the negotiation and loan of the money mentioned in the note, from the commencement of the negotiation up to the time of the loan." The defendants objected to this evidence, so far as it might relate to any agreement on their part outside of the note. The objection was overruled, and Mr. Taylor testified as follows: "After the close of an evening prayer meeting, *Mr. Austin* said he understood I had some money to loan, and he wished I would loan it to pay the debt on the church. I told them I would let them have the money if I could be well secured. He said he would give me a mortgage on the church. I told him I could not be secured thus, as there were two prior mortgages, or a question as to the title; that if they would be personally responsible, they might have the money to pay the debt with; (by the word "they" I meant the persons personally interested). *Mr. Austin* then remarked, that they would see the money paid; that I should have the individual obligation of the trustees. Several members of the church were present at the conversation, and one other of the trustees. Within a day or two afterward, *Mr. Austin* called, and said he then wanted the money; that they were then prepared to take it. I was about leaving town, and told Mr. Cary, who had charge of the money for me, that currency might be drawn for the amount, $1500. A short time afterwards, perhaps two weeks, I told *Mr. Austin* I wanted the necessary papers, and he told me to draw them up. I made out a mortgage, and an ordinary note of hand. He took them to *Mr. Steever*, who told him that the note

would make him personally liable. *Mr. Austin* said he did not know that he could sign such a note, being already involved for the church, and that he would get *Mr. Steever* to draw up a note. I told him that in whatever form they drew it up, I should look to them individually for the debt. *Mr. Steever* then drew up the note in suit. I told *Mr. Austin* it would still be their individual obligation. *Mr. Austin* asked Mr. Lakin to sign it. He declined, saying that he had not been consulted in negotiating the loan, and was not willing to bind himself individually. *Mr. Austin* argued with me about being personally responsible, and at first refused to sign that note, but finally signed it. I called on the other trustees for their signatures, and all signed it, except Mr. Danville and Mr. Lakin. *Mr. Steever* said the note might be regarded as the note of the church. I said it made no difference, as I regarded the matter as an individual one."

The circuit court instructed the jury, at the request of the plaintiff, that if they believed from the evidence that it was the intention of all parties to bind the corporation and not the defendants personally, and that the note and the mortgage given on the real estate of the corporation to secure it, were given by the defendants to Diana Taylor to secure the money so loaned; still if they were also satisfied that the defendants had no legal authority to give said note and mortgage, then the plaintiff was entitled to recover. The court gave also a general charge, as follows: "It is claimed that the signatures are in an official capacity. This is a religious corporation, organized under the statute; trustees can build churches, &c.; the particular form of official action is prescribed in section 12; so a meeting must be called together by at least two, and a quorum must be together, and a quorum thus together may act. It strikes me very clearly, that the trustees, when they act, must act officially when so called, and can only act officially when so called together; I think it was necessary for them to adopt an official action in order to contract this debt; they could not otherwise make the corporation liable; the fact that a majority had executed would be sufficient evidence that it was a corporate act; but the testimony shows that such was not the case; there is no

evidence of a meeting, and it appears that the note was prepared at Steever's office, and Taylor procured the signatures by going around; if the jury should come to the conclusion that the note was thus executed, the church would not be bound. This may be a misfortune, but the law cannot help that; if it should appear that this was not authorized by the official proceedings of the corporation, it was not a corporate act; if this was not authorized by a resolution, or by consent and concurrence of the trustees, at a regular or special meeting, the corporation is not bound." The defendants excepted to the above charge. Several other instructions were given at the request of each party, and several asked by each party were refused; but as the above embraces the points upon which the decision of the case turned in this court, the others are omitted. Verdict and judgment for the plaintiff.

*Butler & Martin*, for appellants:

The note, on its face, is the note of the corporation. In unsealed instruments, it is sufficient if the name of the principal is disclosed and it appears from the whole instrument that the intention was to bind the principal. Story on Agency, chap. 7, § 147, note 4, and § 154 (a); 4 Barb. (S. C.), 274; 15 John., 1; 4 Hill, 351. The trustees of the church are the corporation. R. S., 1849, chap. 47, sec. 4. The fact that they are the corporation is evidence of their authority to bind it. *Brockway vs. Allen*, 17 Wend., 40. The payee of the note knew that the money was borrowed for the use of the church, and that the defendants were the trustees, and acted in their official capacity. They are, therefore, not liable personally. *Brockway vs. Allen, supra*; 9 Mass., 335; 22 Pick., 158; 15 John., 1; 10 Wend., 271; 4 Barb. (S. C.), 274; 1 Cow., 513. It was proper to show on the trial the nature of the transaction. To that extent only was parol evidence admissible. 2. The respondent claims that by virtue of sec. 11, chap. 47, R. S. 1849, the appellants should have proved that two of the trustees had called a meeting at which they had resolved to borrow the money and give the note of the corporation for it. The trustees are the corporation. Sec. 4, chap. 47, *supra*. The fact that five out of

the seven trustees signed the note is evidence of corporate assent to or appointment of the defendants as agents, or, which is the same thing, a declaration that they acted as such. *Brockway vs. Allen, supra*. Can it be that under the section above cited, no action of the board of trustees is valid unless taken at a meeting convened by two of their number? That section of the statute is intended merely to restrain a minority from preventing any action of the board, and to enable a majority to act when such restraint is attempted to be exercised. The statute of New York, at the time *Brockway vs. Allen* was decided, contained a section which was in substance the same as ours. The question to be decided here is, In view of the form of this note and the facts proved, can the corporation be held liable? If the corporation is liable, the appellants are not. *Tuthill vs. Ayers*, 2 Penn., 682. When it is necessary in the appointment of an agent by a corporation, to have a vote of the trustees or directors taken, the vote may be implied by the fact that the person has been held out as an authorized agent of the corporation. A corporation may act by its authorized agents, and is bound by their acts as an individual would be. No formal resolution appointing an agent and defining his power is necessary. A contract may be implied against a corporation as against an individual. *The Bank of Lyons vs. Demmon et al.*, Hill & Denio, 398; *Reuter vs. Electric Telegraph Co.*, 37 Eng. Law & Eq., 189; *Bargate vs. Shortridge*, 31 id., 44; *Bank of U. S. vs. Dandridge*, 12 Wheat., 64; *Com. Bank of Buffalo vs. Kortright*, 22 Wend., 348; Ang. & Ames on Corp., §§ 284, 240, and cases cited. 3. The corporation having used the money for its own benefit, and paid interest upon the note, cannot now say that the debt is not its own.

*Cary & Pratt*, for respondent:

1. There is a *descriptio personarum* contained in the note, but, unexplained, it is the promise of the defendants and not of the corporation. *Rupert vs. Madden*, 1 Chand., 146; 10 Wend., 88; 7 Cow., 453; 9 Johns., 334; 2 Brod. & Bing., 460; 6 Mass., 58. The defendants' liability in this case, as in all others, must be determined from the terms of the note. *Gregory vs. Hart*, 7 Wis., 532, and cases there cited; *Racine*

January Term, 1862.

DENNISON v. AUSTIN et al.

*County Bank vs. Keep et al.*, 13 Wis., 209. 2. The mode of corporate action of the trustees of religious societies is clearly pointed out by the statute. It is not pretended that there was a meeting of the trustees, or any other corporate action in relation to borrowing the money or giving the note and mortgage in question; but it is shown affirmatively by the defendants, that no such action was had. It would be as monstrous to hold that the majority of the trustees, by separately signing a note or other contract which had not been previously considered and authorized at a regular or special meeting, could thereby bind the corporation, as to hold that the legislature, or the common council of a city, could bind the state or city by the signature of the individual members composing one or the other. If such a doctrine is held, only a majority of a bare quorum may bind the corporation by their separate and individual action. The charge of the judge was correct upon that point. Neither the note nor mortgage was authorized by the corporation or is binding upon it; and though intended as corporation acts, the note must be held to be the individual note of the parties executing it. 13 Johns., 307; 9 id., 534; 19 id., 60; 4 Mass., 595; 7 Term R., 207. If at the time the note was given, it was not authorized so as to be binding on the corporation, no subsequent ratification by the corporation or by the payee would discharge the defendants. 8 Wend., 495.

May 15.

*By the Court*, PAINE, J. We think the judgment in this case must be affirmed upon the ground upon which it was decided by the court below. Whatever might be the conclusion to be derived from the authorities, as to the personal liability of the trustees, in case they had bound the church, it is conceded that if they did not bind the church, they bound themselves. Now the court below held that their action was not binding upon the church, for the reason that it was not taken in the manner prescribed by law, and that there was in fact no authoritative action by the trustees as a body. The evidence does not show any vote by the board of trustees, at an authorized meeting, to borrow this money, or to execute this note. But the negotiation seems

to have been entered into without any such previous action, and after having been conducted principally by one of the trustees, the loan was effected and two of them signed the note, and the lender's agent then took it to the others and procured their signature. Section 12, chapter 66, R. S., 1858, provides the mode in which such trustees shall act. It is as follows: "Any two of the trustees may at any time call a meeting of the trustees, and a majority of them, *being lawfully convened*, shall be competent to do and perform all matters and things which such trustees are authorized to do and perform." Now it seems to us very clear, under this statute, that the individual, disjointed action of the different trustees, at different times and places, although assenting to a thing which a majority might do when properly assembled, would not be binding upon the church. The uncertainties that might arise from such a loose mode of transacting business, as well as the advantages of mutual consultation and discussion upon a proper notice to all who have a right to participate, are too obvious to need suggestion. Angell & Ames on Corporations, chap. 13; *Arden vs. Commissioners of Allen County*, 3 Blackf., 501; *Campbell vs. Brackenridge*, 8 id., 476.

We think, therefore, that the case was properly decided, assuming that the trustees had authority to borrow money for the corporation without any direction of the members of the body. It has occurred to us, on an examination of the provisions of the statute concerning religious societies, that there may be some room for doubt on that point. But as the question was not raised or discussed, we shall express no opinion upon it.

The judgment is affirmed, with costs.