### FREDENDALL vs. TAYLOR and others.

*Individual liability — Committee of unincorporated institution.*

A committee appointed by an unincorporated association to make arrangements for a public exhibition, are individually liable for work necessary for the occasion, which a sub-committee of their number procure to be done, although in making the contract the sub-committee assumed to act as officers of the association.

APPEAL from the Circuit Court for *Rock* County.

Action by *Fredendall* against *Taylor, Kreiss, Leitch* and *Spencer*, to recover pay for making a well or tank for the use of the State Firemen's Association. The complaint alleged that the plaintiff agreed with the defendants to make the well or tank for $500; that he did make it, and that the defendants promised to pay him that sum therefor. *Leitch* was not served with process, and *Spencer* made no defense. *Taylor* and *Kreiss* answered by a general denial. The State Firemen's Association was not a corporate body. *Leitch* was its president, *Taylor* vice-president, *Kreiss* treasurer, and *Spencer* secretary. In February, 1865, at a meeting of the association, at which all the defendants were present, a resolution was passed to hold an annual tournament, and that the officers (the defendants) should be a committee to make all the necessary arrangements for it. The defendant *Spencer* testified, that at a meeting of this committee (all being present), it was left to *Leitch* and himself to make said arrangements; that it was necessary to have a well or tank made for the use of the association during the tournament; that it was used upon that occasion, and that he advertised for proposals to do the work. The plaintiff made the following proposal: "To JOHN C. SPENCER, Sec., etc. — I hereby propose to build

the well or tank in the county fair grounds for the State Firemen's Society, according to the specifications, for the sum of five hundred dollars. J. C. FREDENDALL." The acceptance of the proposal was as follows: "J. C. FREDENDALL: The above proposition for building a reservoir for the State Firemen's Association is accepted. You will proceed with the work. JOHN C. SPENCER, S. F. A." The witness also testified that the contract was awarded by him to the plaintiff after consultation with *Leitch*; that *Leitch* knew that the work was being done under the contract; that the necessity or propriety of making a tank or well had not been spoken of at any meeting of the committee first mentioned; that witness told plaintiff, at the time of making the contract, that the defendants were a committee to make arrangements for the tournament, and that *Leitch*, *Taylor* and *Kreiss* were responsible men, but that he did not make a promise on their behalf as individuals to pay the plaintiff for the well or tank. The plaintiff testified, that in making the contract and doing the work he gave credit to the defendants, but that neither *Kreiss* nor *Taylor* had individually promised to pay him. *Kreiss* and *Taylor* both testified, that the committee did not authorize *Spencer* and *Leitch* to contract for making the well or tank, and that they (the witnesses) did not know, until after the work was done, that *Spencer* or *Leitch* had made any contract for the same. The plaintiff first made out his bill against the association.

The court instructed the jury that there was no evidence to warrant a verdict against the defendants *Taylor* and *Kreiss*. Verdict and judgment accordingly; and the plaintiff appealed.

*Isaac Rogers*, for appellant, cited *McCartee v. Chambers*, 6 Wend. 649; *Beekman Fire Ins. Co. v. First M. E. Church*, 29 Barb. 658; Smith's Mercantile Law, p. 212; *Webb v. Gates*, 18 Barb. 554; 8 Cow. 60; 5 Hill, 107, 137.

*E. S. Bragg*, for respondents:

The contract was not made with the respondents, nor for their use, but with the secretary of an association, the principal in the transaction being disclosed. The defendants not being principals, the doctrine of ratification does not apply. The defendants could only be charged upon an original undertaking or a promise in writing, of neither of which was there any evidence. *McDonell v. Dodge*, 10 Wis. 106.

PAINE, J. The only question presented on this appeal is, whether the case made against the defendants *Taylor* and *Kreiss* was such as to justify the direction given to the jury to find a verdict in their favor. I do not think it was. They were both members of the committee appointed by the State Fireman's Association to make the necessary arrangements for holding the annual tournament. It is true, they did not act personally in contracting with the plaintiff, the committee having delegated its authority to a sub-committee composed of *Spencer* and *Leitch*. But the latter, in making the contract, were acting as agents of the committee, so that the liability of the whole committee is the same as though all had acted in making the contract. It was not claimed that the contract was not within the scope of the committee's authority, or of that delegated to the sub-committee. On the contrary, it is conceded that the well was necessary to the tournament, and it was used for that purpose. It is conceded that the State Fireman's Association was not incorporated at this time, and had no legal existence, so that it could contract or be sued as such. And where such is the case, a committee which assumes to contract for services for such an irresponsible, intangible association, must become personally liable, else there is no liability whatever. One professing to act as agent, if he does not bind his principal, binds himself. *Dennison v. Austin*, 15 Wis. 334. And it can make no difference that the reason why he does not

bind his principal, is because the principal for whom he professes to act has no existence.

It is not to be presumed in this case that the plaintiff contracted upon the credit of the association. And there is proof tending to show, that, although he fully understood that the committee was acting for the association, yet he relied on the personal liability of the committee, including *Taylor* and *Kreiss*.

The case is not distinguishable in principle from that of *McCartee v. Chambers*, 6 Wend. 649, where the committee, acting by an agent, as in this case, were all held personally liable. Such a rule is salutary, and tends to the promotion of justice, by preventing the procurement of services from too incautious and confiding laborers, by putting forward an irresponsible committee to act for an irresponsible public gathering.

*By the Court.* — The judgment is reversed, and a new trial ordered.