## Morris v. Friend.

### Opinion delivered January 25, 1915.

1. Principal and Agent—General Agent—Authority to Execute Negotiable Paper.—An agent having authority to manage his principal's business, has, by virtue of his employment, no implied authority to bind his principal by making, accepting or endorsing negotiable paper; such an authority must be expressly conferred or be necessarily implied from the peculiar circumstances of each particular case.

2. Principal and Agent—General Agent—Authority to Execute Negotiable Paper.—Authority of an agent to execute negotiable paper, binding upon his principal, will not be presumed from his mere appointment as a general agent.

3. Principal and Agent—Negotiable Paper—Husband as Agent—Authority—Question for Jury.—Where a husband is acting as a general agent for his wife in conducting a business, the question of the authority of the husband to execute negotiable paper, so as to be binding upon the wife, should be submitted to the jury, and such authority will not be inferred from the marital relation.

Appeal from Mississippi Circuit Court, Osceola District; W. J. Driver, Judge; reversed.

#### STATEMENT BY THE COURT.

Appellee sued to recover the amount of three notes, of $500 each, payable to his order and executed by "Morris & Company, per L. A. Morris." After several amendments to the complaint, the cause was submitted to the jury under a complaint alleging that Morris & Company was a business owned by appellant which she permitted her husband to conduct for her. This suit was brought after appellee had filed the notes sued on with appellant as administratrix of the estate of her husband and after they had been allowed by her as a demand against his estate.

Appellee testified that he made the loan to L. A. Morris for Morris & Company, which he supposed was a firm composed of Morris and his wife. He supposed the money was to be used in the business of that concern, but does not undertake to say how it was, in fact, used, and the evidence does not show what use was made of the money.

The evidence was legally sufficient to support a finding that the business of Morris & Company was owned by appellant individually, although Mrs. Morris stated unequivocally that it belonged to her husband and that he had exclusive control of it, and that she knew nothing about the loan until after her husband's death.

The stock of goods belonging to Morris & Company invoiced $2,700, was appraised at $1,700, and was sold for $900, and there were unpaid debts amounting to $800, in addition to $2,000 due appellee. L. A. Morris, at his death, left an insurance policy for $3,500 payable to appellant, and after its collection she paid the one of the four notes to appellee's order, which was then due, with the money received from her policy.

At appellee's request the court charged the jury as follows:

"You are instructed that if you find from a preponderance of the evidence that the defendant, Maggie G. Morris, was the owner of the business conducted in the name of Morris & Company, your verdict will be for the plaintiff, for the amount sued for, together with interest thereon."

Appellant requested the court to charge the jury as follows:

"1. You are instructed that unless you find that the business conducted in the name of Morris & Company, was the business of Maggie G. Morris, your verdict should be for the defendant."

"2. Even if you should find from a preponderance of the evidence that the defendant was the sole owner of Morris & Company, you can not find for the plaintiff un-

less you find that L. A. Morris was authorized by the defendant to sign her name to the notes sued on herein.''

The court gave the instruction numbered 1, but refused to give the instruction numbered 2, and there were only two instructions given. The jury returned a verdict in appellee's favor for the amount of the notes sued on. The action of the court in refusing to give this instruction numbered 2 is assigned as error for the reversal of the judgment rendered upon the verdict of the jury.

*J. W. Rhodes, Jr.* and *W. J. Lamb,* for appellant.

Unless appellant was the owner of the business of Morris & Company, she is not bound for this debt, and if she was the owner she would not be bound unless she authorized L. A. Morris, as her agent, to contract the debt and execute the notes sued on; and his agency will not be inferred from the marital relation. His authority must appear from clear and satisfactory proof. Art. 9, § 8, Const.; 56 Ark. 217; 25 Am. & Eng. Enc. of L. 371; 1 *Id.* 1025; 21 Cyc. 1418; 41 Ark. 177, 184; 31 Cyc. 1396; 35 Am. Rep. 458; 43 Am. Dec. 420, 422, and cases cited; 20 Mont. 379, 63 Am. St. Rep. 628, 630; 61 Ark. 631; 39 Mich. 644.

*J. T. Coston,* for appellee.

The court did right in refusing to give instruction 2, because, if L. A. Morris was authorized or apparently authorized, to sign the name of Morris & Company, appellant is bound by it. The instruction ignores the apparent authority of L. A. Morris, whereas the evidence shows that he was manager of the store of Morris & Company, and, if so, he at least had apparent authority to borrow money to carry on the business, and to sign the note in question. Mecham on Agency, § § 281, 283, 284, 279.

SMITH, J., (after stating the facts). (1-2) It is insisted, in effect, that if there was any error in refusing the instruction numbered 2, that error was cured by the verdict of the jury. That this is true, because appellant testified that her husband had complete and unlimited

control over the business of Morris & Company, and that she was, therefore, bound by his action in signing the notes. But however complete the control of L. A. Morris over the business of Morris & Company may have been, there still remains the question of his right to bind her beyond the extent of the business which she was permitting him to manage. His right to bind her by the execution of notes would not arise out of the marital relation, and could exist at all only by reason of authority expressly conferred, or necessarily implied, under an agency for her, and he would have no greater authority to bind her than any other agent having similar authority would have had. And the rule as to any agent is that "an agent having general authority to manage his principal's business, has, by virtue of his employment, no implied authority to bind his principal by making, accepting or endorsing negotiable paper. Such an authority must be expressly conferred or be necessarily implied from the peculiar circumstances of each particular case. It may undoubtedly be conferred and by implication, but it will not be presumed from the mere appointment as general agent." Mechem on Agency, § 398. See, also, 1 Am. & Eng. Enc. of Law, (2 ed), p. 1025; 31 Cyc. 1381, and cases there cited.

(3) In determining the extent of the authority of L. A. Morris, the jury would have the right to consider the relationship between him and appellant, in connection with all other circumstances in proof; but the jury would have no right to infer this authority because of the marital relation. *Hoffman* v. *McFadden,* 56 Ark. 217.

For the error in refusing to give instruction No. 2, the judgment will be reversed and the cause remanded for a new trial.