WISCONSIN FARM COMPANY, Respondent, vs. WATSON, imp.,
Appellant.

*April 13—May 4, 1915.*

*Vendor and purchaser of land: Execution of contract by one of two*
*joint vendees: Pretended agency for the other: Liability: Evi-*
*dence.*

1. Where a written contract, though signed but by one of the two
   joint vendees named therein, was delivered without any agree-
   ment that it should not take effect until signed by the other, it
   became at once binding upon the one who signed according to
   its legal effect.
2. Where in such case the vendee who signed professed to act for
   both vendees in so doing, falsely pretending that he had au-
   thority to represent the other, and his assumption of agency
   was relied upon by the vendor, he is liable on the contract.
3. Parol evidence as to the relations between the two vendees prior
   to such signing, tending to show that they had been jointly in-
   terested in many real-estate deals, was competent upon the
   question whether the one who signed was authorized to act as
   agent of the other.
4. One who, professing to contract as agent for another, fails to bind
   such other, is himself liable as principal.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to recover damages for breach of an agreement to
buy land. Appellant *Watson* and one Clyde A. Miller were
claimed to have jointly made the agreement, breached it, and
be jointly liable therefor.

The instrument sued on was in the ordinary form of a land
contract with plaintiff as vendor and defendants as joint
vendees. There was nothing on the face of it indicating that
the mutual agreement was other than is customary, except it
was not signed by Miller. Appellant signed, but, so far as
disclosed by the instrument itself, for himself only. De-
fendants' claim was that it was agreed, at the time the paper
was made, that it should take effect only upon being signed

by Miller; that the latter did not, in any way, authorize appellant to bind him, and that there was no attempt to do so.

There was evidence tending to show that appellant and Miller had been jointly interested in many real-estate deals covering a considerable period of time. There was also evidence in relation to each of the subjects submitted to the jury, though much of it was objected to on behalf of appellant as incompetent.

The jury found that defendant *Watson* signed the contract, for himself and Miller, but that there was no agreement that it should not be binding until signed by the latter. There was also a finding which, together with undisputed matters, made the amount of damages recoverable, if any, a question of law.

After verdict the court decided there was no competent evidence of a partnership agreement between Miller and *Watson,* nor evidence sufficient to establish agency authority in the matter, so that, in signing the contract and doing as he did *Watson* bound himself alone. Judgment of dismissal was therefore rendered for Miller and for damages against *Watson.*

For the appellant there were briefs by *Buell & Lucas,* and oral argument by *C. E. Buell.*

For the respondent there was a brief by *Olin, Butler, Stebbins, Curkeet & Stroud,* and oral argument by *W. L. Curkeet.*

MARSHALL, J. It was proper to permit testimony showing the relations between *Watson* and Miller prior to the transaction in question, on the question of whether the former had authority to represent the latter as agent. In the finality it was restricted to that feature of the case. So the objection to the evidence upon the ground that an enforceable partnership agreement to deal in real estate cannot rest in parol, need not be considered. The fact that the contract appears, on its face, incomplete rendered it ambiguous but not necessarily

void. If it was executed and delivered without any agreement that it should not take effect until signed by Miller, it became, at once, binding upon *Watson* according to its legal effect. The question of whether it was so delivered or not was submitted to the jury and found in respondent's favor. We cannot discover any fatal infirmity in that finding.

From the foregoing the case comes down to this: What is the legal effect of one person signing an agreement and delivering it, as in this case, the signer intending to represent both though having no authority to bind his associate? In short, what is the effect of a false, relied upon, assumption of agency authority in making a contract? That question presents the precise premises here. *Watson* falsely pretended to have authority to bind both himself and Miller. With that appearance he signed his own name to the proposed agreement and delivered it without condition. Respondent signed the paper and accepted it as containing a binding agreement.

The idea that appellant, because he did not possess the authority he pretended to have did not bind himself, has no support in good logic, or in equity or authority. The unwritten law governing the subject is this: One who, professing to contract as agent for another, fails to bind such other, is himself liable as principal. *Dennison v. Austin,* 15 Wis. 334; *Fredendall v. Taylor,* 23 Wis. 538; 1 Parsons, Cont. (9th ed.) *67; Story, Agency, § 264.

The trial court on the facts pronounced judgment in accordance with the rule stated and it must be affirmed.

*By the Court.*—So ordered.