OUTAGAMIE COUNTY BANK OF APPLETON, Respondent, vs.
TESCH, imp., Appellant.

*March 11—April 6, 1920.*

*Principal and agent: Implied authority to execute or negotiate
commercial paper: Possession of undelivered note as implied
authority: Liability of agent acting without authority: Fraud:
Warranty of authority: Evidence.*

1. A son who signed his father's name to a guaranty on the back
of a promissory note which had been indorsed by the father
and his own name thereunder as agent, cannot be held liable
on the note unless there was some element of deceit or fraud
in what he did or an express or implied warranty on his part
that he had authority to act as agent.
2. In an action against the son the evidence is *held* conclusively
to negative any element or act of fraud or deceit practiced
by the son toward the payee of the note.
3. Where a new note sent to a prior guarantor for his signature
to a guaranty on the back of the note was returned to the
payee by the son of the guarantor with his father's indorse-
ment, but without his father's signature to the guaranty, the

mere possession of the note by the son carried no implication of authority to make a substantially different contract than that evidenced by the indorsement on the back of the note.

4. The rule as to implied agencies is given a much more limited and strict application in the matter of the execution or negotiation of commercial paper than under other circumstances.

APPEAL from a judgment of the circuit court for Outagamie county: EDGAR V. WERNER, Circuit Judge. *Reversed.*

Plaintiff was payee in a promissory note for $430 dated June 20, 1916, which had been signed by defendants Mielke and Douglas as makers and against whom judgment was entered by default. The defendant William Tesch had indorsed his name upon the back of this note, and below such indorsement there was stamped an ordinary form of guaranty and waiver. Just below this guaranty the defendant and appellant, *William C. Tesch,* who was the son of the defendant William Tesch, signed his father's name as follows: "Wm. Tesch by *Wm. C. Tesch.*"

The note in suit was one of a series of notes on which William Tesch, the father, had been a prior guarantor and in one instance only an indorser; the last of such notes falling due at the date given on the face of the note in suit.

A jury trial was waived, and on the hearing the plaintiff's cashier testified in substance that he had telephoned to William Tesch, the father, about the prior note, and sent up a new note to be signed with the stamped guaranty and waiver. Some time after June 20th *Tesch, Jr.,* brought the note to the bank and the cashier then noticed to his surprise that the signature of the father was above the stamped guaranty and said to the son: "Why did your father sign above the waiver for?" and the son said, "Well, that is all right, I will sign below." The son then and there did sign right below the stamped guaranty and turned it over to the bank. He, the cashier, did not ask questions about this signature. This was about the first time that *Tesch, Jr.,* had

been in the bank, and he, the son, did not have anything to do with this note transaction up to that time. The son probably paid the interest due on the old note at that time. The cashier did not tell the son to sign anything; he signed himself, he knew all about it. He didn't tell the son he was a guarantor, didn't talk with him about it whatever, and did not ask him if he was his father's agent. The cashier assumed he was; the son did not say he was. The son had done no business for the father in the bank before. The cashier refused to accept the new note without the indorsement signed below the waiver. He relied as cashier upon the guaranty because he assumed the son to be his father's agent. No protest of the note was made.

At the close of plaintiff's testimony the court granted the motion of the defendant William Tesch, the father, to dismiss the action as against him on the ground that there was no liability established against him either as indorser or guarantor.

The son, *William C. Tesch,* also made a motion to dismiss the action as to him, which was denied.

Further testimony was taken in behalf of the defendant, but is not deemed material on this appeal.

The court found, among other things, as follows:

"That at the time of delivering the note which is the subject of this action to the plaintiff bank, the defendant *William C. Tesch,* in consideration of the bank delivering up the old note, guaranteed the present note, and waived protest by William Tesch, signed by himself *William C. Tesch;* that at the time of signing this guaranty *William C. Tesch* had no authority from his father, the defendant William Tesch."

As conclusions of law:

(1) That the defendant William Tesch (the father) is not liable on said note, and the action against him was properly dismissed.

(2) That the defendants Mielke and Douglas are liable

as makers and the defendant *William C. Tesch* is liable as guarantor on said note; and directed judgment for the amount thereof against such three defendants.

From the judgment so entered against him the defendant *William C. Tesch* has appealed to this court.

For the appellant the cause was submitted on the brief of *C. G. Cannon* of Appleton.

For the respondent there was a brief by *Morgan & Benton* of Appleton, and oral argument by *John Morgan.*

ESCHWEILER, J.    The defendant *William C. Tesch* could not be held liable upon the written guaranty itself because there were no words thereon which bound him personally, the contrary appearing from the nature of the signature, which showed on its face that he purported to act as agent only.    He can be held liable, if at all, either on the ground that there was some element of deceit or fraud in that which he did, or on the ground that there was an express or implied warranty on his part that when he assumed to act as agent he had authority so to do.    *McCurdy v. Rogers,* 21 Wis. 197, 202; *Oliver v. Morawetz,* 97 Wis. 332, 339, 72 N. W. 877; *Haupt v. Vint,* 68 W. Va. 657, 70 S. E. 702, 34 L. R. A. N. s. 518 and note; *People's Nat. Bank v. Dixwell,* 217 Mass. 436, 105 N. E. 435; *Williams v. De Soto Oil Co.* 213 Fed. 194.

The evidence in the record conclusively negatives any element of active fraud or deceit practiced by the defendant towards the plaintiff's cashier in this transaction.    So the judgment cannot be supported upon the theory of any tort having been committed by this defendant.

Under the testimony of plaintiff's cashier the son had transacted no former business with the bank either in connection with the transactions concerning this note and the prior notes or any business for his father.    The cashier neither asked nor did the son make any statement from which it might be inferred that he came there with any such

authority, and there was therefore no express assumption of such authority.

Assuming, as we must, upon the record and under the conflict of the evidence here on the point, that the son brought the note as well as the interest to the bank at the time in question, although the defendant's testimony is that the note was already there when he came with the interest, yet the bringing to the bank or having possession of the note carried no implication of authority to make a substantially different contract than that already evidenced by the indorsement of the father. From the situation thus presented the cashier had no right to assume that the son had any authority to make another and different contract or to bind his father in some other and different form than that which the father already had done.

The acts of plaintiff's cashier in this case must be considered in connection with the rule as to implied agencies, which in the matter of execution or negotiation of commercial paper is much more limited and more strictly applied than under other circumstances. *Pluto P. Co. v. Cuba City State Bank,* 153 Wis. 324, 329, 330, 141 N. W. 220; 31 Cyc. 1381; *Morris v. Friend,* 116 Ark. 424, 173 S. W. 199; *Swift & Co. v. Miller,* 62 Ind. App. 312, 113 N. E. 447; *Merchants' Nat. Bank. v. Nichols & Shepard Co.* 223 Ill. 41, 49, 79 N. E. 38. He was bound to look before he leaped at the conclusion to which he came.

It was manifestly to carry out the cashier's desire, rather than by any assumption of agency for the father, that the son signed as he did below the guaranty. There was therefore no basis for any substantial or good-faith reliance by the cashier upon the mere acquiescence by the son in the suggestion of the cashier that the obligation of the father should be changed from that which it already was, of indorsement, to that of a guarantor, as being an implied representation of authority upon which plaintiff might recover.

The situation is manifestly different from that disclosed

in the cases relied upon by plaintiff, where the individual sought to be held by his acts or statements gave the other party reason to believe that he had the power or authority which he was assuming to exercise, as in such cases as *Roberts v. Goodlad,* 167 Wis. 318, 166 N. W. 646; *Wis. F. Co. v. Watson,* 160 Wis. 638, 152 N. W. 449; *Dennison v. Austin,* 15 Wis. 334.

Under the facts in this case there is not sufficient foundation upon which a judgment against the appellant could properly be based, and his motion to dismiss the complaint should therefore have been granted, and the judgment against him must be reversed.

*By the Court.*—Judgment against the appellant, *William C. Tesch,* is reversed, and the cause remanded with directions to dismiss the complaint as to him.