RUSSELL, Respondent, vs. IVES, Appellant.

*June 4—June 23, 1920.*

*Statute of frauds: Sufficiency of writing: Oral acceptance of written offer: Husband without authority contracting to sell wife's property: Liability: Vendor and purchaser: Merchantable title to be tendered before purchase money is due: Necessity of tender of purchase money when vendor gives notice that he would not perform.*

1. A memorandum of sale covering a wife's real estate, made by the husband, who signed the name of the wife, is sufficient under sec. 2304, Stats., where it describes the property and states the purchase price and terms of payment.
2. An oral acceptance of a written option to sell land is valid.
3. Where a husband, without authority from his wife, contracts to sell realty belonging to her, he himself is bound by the contract.
4. Where the memorandum of sale specified that abstracts should be furnished, a merchantable title was impliedly to be tendered before the purchase money could be demanded. .
5. Where a vendor notifies a purchaser that he will not perform the contract of sale, the purchaser is under no obligation to make a tender of the price.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to recover damages for breach of contract to sell

real estate.  On the 13th day of September, 1919, the defendant, purporting to act for his wife, Grace H. Ives, the owner of the property, made the following written offer to plaintiff:

"I hereby offer you as follows: I will transfer to you, on or before October 3, 1919, the three lots on the northeast corner of Fifth and King streets, now in the name of Grace H. Ives, for $20,000 in cash and a mortgage back on the property below for $—— for —— years at —— % for the property described, to wit: ——, situated in the city of La Crosse, state of Wisconsin.  Possession to be given ——. Abstracts to be furnished by the seller of the real estate conveyed showing merchantable title therein.  This offer to hold good for —— days from date without revocation by me.

"Dated at La Crosse this 13th day of September, 1919.
"GRACE H. IVES.    [Seal]
"This offer accepted this 13th day of September, 1919.
"Per THOMAS S. IVES."

Plaintiff claims that before September 18, 1919, he orally accepted the offer.  On that date the defendant served written notice of cancellation of the offer.  The jury found (1) the offer to sell the property in question as embodied in the written memorandum bearing date September 13, 1919, was accepted by the plaintiff prior to September 18, 1919; (2) the fair, reasonable market value of the property in question on the 18th day of September, 1919, was $22,500. It was conceded that defendant had no authority from his wife to make the offer and a nonsuit as to her was entered. Plaintiff secured a judgment for $2,500 and costs against the defendant *Thomas S. Ives,* and he appealed.

For the appellant there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, and oral argument by *George H. Gordon.*

For the respondent there was a brief by *Baldwin & Bosshard* of La Crosse, and oral argument by *Mr. C. L. Baldwin.*

VINJE, J.    The memorandum of sale was signed by the party by whom the sale was to be made.    That is sufficient under our statute.    Sec. 2304, Stats. 1917, provides that

"Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands shall be void unless the contract or some note or memorandum thereof, expressing the consideration, be in writing and be subscribed by the party by whom the lease or sale is to be made or by his lawfully authorized agent."

It described the property, stated the purchase price, and the terms of payment, namely, cash.    So it complied with the statute in every respect.

But it is contended by defendant, first, that there is no evidence to sustain the finding that plaintiff orally accepted the offer, and second, that an oral acceptance of a written offer to sell lands is void; that the acceptance must be in writing also.    As to the first claim the record shows evidence sustaining the finding.    Plaintiff testifies that before the 18th of September he told defendant that he would take the lots; that he was there to do so, and the defendant said, "All right."    The memorandum was signed Saturday and this conversation took place the following Tuesday morning after they had measured the property.

As to the second contention, the authorities are almost unanimous in holding that an oral acceptance of a written option to sell land is valid.    See 25 Ruling Case Law, 674, and long list of cases there cited.    The case of *Wardell v. Williams*, 62 Mich. 50, 28 N. W. 796, is cited to us as holding a contrary doctrine.    An examination of the case will show that the court in that case held the written memorandum incomplete, and that the precise question here presented was reserved.    The court said:

"It is not necessary for us to decide in this case whether a verbal acceptance would be binding when there was nothing to be done by the purchaser except the payment of the purchase money, for the reason that in this case something more was required."    Page 62.

See, also, *Cheney v. Cook,* 7 Wis. 413, and *Lowber v. Connit,* 36 Wis. 176.

Since the defendant had no authority from his wife to sell the lots he bound himself by the contract he made. *Wis. Farm Co. v. Watson,* 160 Wis. 638, 152 N. W. 449.

No tender of money before September 18th was necessary, for the memorandum specified that abstracts should be furnished and a merchantable title was impliedly to be tendered before the purchase money could be demanded. After plaintiff was notified on the 18th that defendant would not perform, he was under no obligation to make a tender. *Potter v. Taggart,* 54 Wis. 395, 11 N. W. 678; *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887; *Inglis v. Fohey,* 136 Wis. 28, 116 N. W. 857.

*By the Court.*—Judgment affirmed.