Loveland and another, Appellants, vs. Hanson,
Respondent.

*October 21—November 16, 1920.*

*Corporations: Notes signed by director: Authority: Fraud: Per-
sonal liability: Appeal: Fact not determined by special ver-
dict: Presumption from judgment.*

1. Under sec. 2858*m*, Stats., the court, in rendering judgment on a
   special verdict, will be deemed to have determined a fact
   omitted from the special verdict in conformity with the
   judgment.
2. To hold a director, who was also an employee, of a corporation
   personally liable on notes of the corporation which he has
   signed, there must be some element of deceit or fraud in that
   which he did, or an express or implied warranty on his
   part that he had authority to bind the corporation.
3. Where such director signed notes of the corporation because
   of representations of the payee's agent that other directors
   had assented thereto, the agent knowing that such director
   had no authority to execute the notes, he was not personally
   liable.

Appeal from a judgment of the circuit court for Colum-
bia county: Chester A. Fowler, Circuit Judge.   *Affirmed.*

Action to recover on promissory notes.   The plaintiffs are
copartners engaged in the business of selling a copyrighted
advertising campaign, with offices at Iowa City, Iowa.   The
Hanson Company is a corporation engaged in the general
mercantile business at Rio, Wisconsin.   *L. A. Hanson* was a

director of the company and a clerk in its store.. He had power to make purchases of goods required to replenish the stock in trade, but further than that he had no power to bind the company or pledge its credit. The by-laws forbade officers or employees pledging the company's credit without the authority of the board of directors.

. On the 3d day of August, 1916, a representative of the plaintiffs called at the store of the Hanson Company and solicited its order for their copyrighted advertising campaign. He talked with *L. A. Hanson,* who told him that he could not do anything without the consent of the rest of the directors; that he was willing if the rest of the directors were. He told the representative of the company who the rest of the directors were, and he (the salesman) spent the remainder of that day and a portion of the next interviewing the other directors. Sometime during the day of the 4th of August the representative returned to the store and told *L. A. Hanson* that he had interviewed the other directors and that they all consented to his signing notes for the advertising campaign. *Hanson* signed the notes, to recover the amount of which this action was brought. The next day he learned that the directors had not consented and that several of them were opposed to the venture. He wrote to the plaintiffs canceling the order.

The action was brought against the Hanson Company and *L. A. Hanson.* The jury returned a special verdict, by which it found (1) that the plaintiffs' agent, in order to induce *L. A. Hanson* to sign the notes and contract, represented to him in substance that the directors at Rio had all consented to his signing them; (2) that such representations were false; (3) that *L. A. Hanson* believed said representations; (4) that *L. A. Hanson* was induced by said representations to sign the notes and contract; (5) that *L. A. Hanson,* in signing the notes in question, did not intend to be personally liable thereon; and (6) that *L. A. Hanson* was not authorized to sign the notes and contract in question

for and in behalf of the Hanson Company. Upon this ver-
dict the court rendered judgment in favor of both defend-
ants. The plaintiffs appeal from that part of the judgment
in favor of *L. A. Hanson.*

The cause was submitted for the appellants on the brief
of *Rogers & Rogers* of Portage, and for the respondent on
that of *Grady & Farnsworth* of Portage.

OWEN, J. The principal argument made by the appel-
lants is that *L. A. Hanson* was not justified in relying upon
representations made by the agent of the plaintiffs that the
directors of the company had all consented to his signing
the notes. An examination of the record convinces us that
this was a jury question. True, the specific question of
whether *L. A. Hanson* was justified in relying upon such
representations was not submitted to the jury. But in sub-
mitting the fourth question to the jury the trial judge said:

"To be induced by a representation one must rely upon
it, and a person is not justified in relying upon a false repre-
sentation unless under all the circumstances it is of such a
nature that a prudent man, in the transaction of his im-
portant business, is warranted in relying thereon. The
false representations, to be considered as an inducement,
must be of such a character and made under such circum-
stances that the person claimed to have been deceived was
justified in relying upon them."

In view of this instruction the jury could not have
answered the fourth question, "Was *L. A. Hanson* induced
by such representations to sign the notes and contract," in
the affirmative unless it was also found that he was justified
in relying upon such representations. Furthermore, by
virtue of the provisions of sec. 2858m, Stats., if such fact
is essential to sustain the judgment it shall be deemed to
have been determined by the court in conformity with its
judgment. However, we do not deem this question very
material. To hold *L. A. Hanson* personally liable upon the

notes there must be some element of deceit or fraud in that which he did, or an express or implied warranty on his part that he had authority to bind the Hanson Company. *Outagamie County Bank v. Tesch*, 171 Wis. 249, 177 N. W. 6, and cases there cited.

The record discloses no element of deceit or fraud on *Hanson's* part, and the agent of the company was fully advised concerning his authority or lack of authority in the premises. As said by the learned trial judge:

"That *L. A. Hanson* had no actual authority to sign the note, is clear. But the plaintiffs' agent knew as well as he did that he was without such authority. And the signature, as the jury found upon sufficient evidence, was induced by the false and fraudulent representation of the plaintiffs' agent that he, the agent, had procured from all the resident directors their assent to the making of the note. It is also clear that neither the plaintiffs nor *L. A. Hanson* contemplated that *L. A. Hanson* should be personally liable. Were the law to hold *L. A. Hanson* liable it would not only make a contract which the parties never contemplated, but would enable the plaintiffs to profit by the fraud of their agent. It would be a monstrous injustice, in view of the findings of the jury, for the law to do either."

*By the Court.*—Judgment affirmed.