MOBLEY, superintendent of banks, *v.* CHILDS *et al.*
MOBLEY, superintendent of banks, *v.* FOY *et al.*

No. 8122. MAY 14, 1931.

*Homer Beeland,* for plaintiff.

*C. W. Foy, J. D. Childs,* and *J. R. Lunsford,* for defendants.

BECK, P. J. Where contracts are made in a representative capacity, the question frequently arises as to whether the representative bound himself personally. As a general rule, the determination of the liability of the signer depends upon the construction of a written agreement according to the terms thereof, where the instrument is not ambiguous; and the decided weight of authority is to the effect that the "liability of the signer is governed by the intention of the parties as thus derived from the instrument. When the interpretation of the agreement makes it doubtful in what capacity the parties contracted, their intention at the time furnishes the only sure criterion in fixing their liability." 6 R. C. L. 876. In several cases cited in the article from which this quotation is taken it is said there is little difficulty where the name of the principal is followed by the name of the representative separated by the word "by" or "per." In the present case the name of the representative is preceded by the word "by," and in numerous authorities which might be cited it is held that in such case the representative is not bound. Of course it is the ordinary rule that the mere fact that a person signing an instrument adds to his signature such word as "agent," "secretary," "treasurer," or the like, without stating that he is contracting in behalf of another, does not relieve the party from personal obligation arising from his affixing his signature to such a paper. In cases like these, the descriptive term appended, such as agent, trustee, secretary, is regarded merely as descriptio personæ; and our attention has not been called to any case where a public official contracting on behalf of the public, where the named body or corporation or some committee is to be bound, and signs his own name after signing the name of the corporation and his name is preceded by the word "by," has been held to be personally liable, unless somewhere in the body of the instrument

there is a clearly expressed intention to make the individual personally liable. In the case of Thilmany *v.* Iowa Paper Co., 108 Iowa, 357 (79 N. W. 261, 75 Am. St. R. 259), it was said: "And we turn now to the main point in the case, and first to the proposition that defendant Daggett is liable because of the form of the guaranty. It is signed, 'Iowa National Bank, by William Daggett, V. P.' Clearly, this is an obligation of the company; and the form of the signature just as clearly indicates that Daggett signed it in a representative capacity, and not as an individual. To hold that the contract binds Daggett personally, we must eliminate the preposition 'by,' and hold that the initials 'V. P.' are 'descriptio personæ.' This we can not do, as it is not our province to make contracts for parties. The use of the pronouns 'we' and 'our' in the letter of guaranty is of no significance. They are often used in referring to a corporation as a collection of individuals. There is no question in our minds but that all the parties to this contract regarded it as the obligation of the bank, and not of the defendant Daggett in his individual capacity; and as this is the proper legal construction of the instrument, nothing further need be said on the first proposition urged by appellant's counsel." See, in this connection, the annotations to Gavazza *v.* Plummer, 42 L. R. A. (N. S.) 3, where it is said: "The determination of the liability of the alleged agent depends upon the construction of a written contract; and in accordance with the rule applicable to such contracts generally, that the intent of the parties as derived from the instrument determines the construction, the weight of authority is that the intention of the parties as thus derived from the instrument determines the liability of such signer." It is also said by the annotator that "A signing in which the name of the principal is followed by the name of the agent separated by the word 'by' or 'per' is uniformly regarded as a proper method of executing the agency so as to impose no personal liability upon the agent." In support of what is said in the annotations a very large number of cases from different States is cited.

The fact that at the date of the execution of the note which we have under consideration there was no law authorizing any school district of this State to make such a contract can not affect the principle which we have in view in answering this question; that is, that liability under the written instrument depends upon the in-

tention of the parties. And it was clearly not the intention of the parties that these individuals, Foy and Cox (or Childs), should be liable. In Sanborn *v.* Neal, 4 Minn. 126 (77 Am. D. 502), there were stronger reasons for holding the individuals who actually signed the note liable than there are in the present case. In that case it was said: "Another position assumed by the plaintiff is that the defendants had no authority to bind the district by such a contract, and, having failed to render their principal liable on the note, they are themselves obliged to pay it. There is abundant authority for a general proposition of this sort, but there is also an admitted exception in favor of public agents acting within the scope of their general powers. It is not thought necessary to decide or discuss whether the defendants were authorized to make this note on behalf of the district; nor whether the district has not, since the making thereof, so far ratified the act of the trustees as to become liable to the plaintiff in any event. We are satisfied that trustees of school districts are public agents, within the meaning of the exception to the rule above referred to. Allen *v.* School District No. 2, 15 Pick. (Mass.) 35; Olney *v.* Wickes, 18 Johns. (N. Y.) 124; Adams *v.* Whittlesey, 3 Conn. 564; Perry *v.* Hyde, 10 Conn. 338; Sterling *v.* Peet, 14 Conn. 248; Johnson *v.* Smith, 21 Conn. 627; Ogden *v.* Raymond, 22 Conn. 379 [58 Am. D. 429]; Hodgson *v.* Dexter, 1 Cranch, 345 [2 L. ed. 130]. When public agents, in good faith, contract with parties having full knowledge of the extent of their authority or who have equal means of knowledge with themselves, they do not become individually liable, unless the intent to incur a personal responsibility is clearly expressed, although it should be found that through ignorance of the law they may have exceeded their authority. In the whole list of cases cited to this point, there is not a reason given for this doctrine which does not apply with full force to trustees of school districts and all other officers acting on behalf of the public, whether they act for the public at large, or that portion only embraced in a particular district. In this as in all other cases, the intention of the parties governs; and when a person, known to be a public officer, contracts with reference to the public matters committed to his charge, he is presumed to act in his official capacity only, although the contract may not in terms allude to the character in which he acts, unless the officer by unmistakable language assumes a personal liability,

or is guilty of fraud or misrepresentation." Many other authorities to the same effect might be quoted or cited.

In view of what is said above, the question is answered in the negative.                    *All the Justices concur.*