## AUSTIN-WESTERN ROAD MACHINERY CO. v. VEAL et al.

### No. 9407.

Circuit Court of Appeals, Fifth Circuit.

Oct. 24, 1940.

D. M. Parker, of Waycross, Ga., for appellant.

J. P. Highsmith, of Baxley, Ga., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, declaring on a written contract, sued appellees, alleging: the sale of a tractor to an unincorporated voluntary association of persons known as Appling County Timber Protective Organization; that the defendants were members of such Association and author-

ized the written contract of purchase; that they thereby became joint contractors with the plaintiff; that defendants had paid $952, leaving a balance due of $3,-950.45, for which plaintiff sued. The complaint made no claim that any of the defendants had signed the contract personally or that any were bound on the face of the contract. The claim was merely that they had authorized its making and had thereby become bound. The defense was that the contract sued on had not been authorized by the association or by any of those sued; that all that the defendants had agreed to was that the tractor should be delivered to the organization for its leasing, plaintiff to look for its pay to such rents as might be gotten therefrom. Plaintiff offered the written contract signed on the one hand by plaintiff and on the other by Appling County Timber Protective Organization, by W. L. Veal, president, Jean M. DuPuis, secretary and treasurer. The contract did not purport to bind any of the defendants, none of their signatures were appended to it. It was in terms a contract of leasing with an option to purchase and an agreement to credit these payments on the total. It was in legal effect a conditional contract of sale.

 Plaintiff offered no minutes, resolutions or other proof showing that the contract was the contract of the organization; that is, that it had been signed by anyone having authority to bind it. Defendants proved that the Association was a non-profit governmental association, an adjunct to the United States Forestry Service in Appling County, Georgia, and as such, not organized nor existing for trade or profit. In addition each, except Veal, testified that he had not authorized or had anything to do with the making of the written contract, and each, including Veal, testified that he had agreed to nothing with regard to the tractor except that the organization should take it for leasing, plaintiff to get its pay from such leases as might be made.

Plaintiff objected to this evidence as an attempt to vary and contradict the terms of the written contract. These objections were overruled and there was a jury verdict for defendants. No motion for a directed verdict was made, no exceptions were taken to the charge. Indeed, except for appellant's unavailing attempt now to challenge the sufficiency of the evidence, the case comes here upon only one claimed error, that the court erred in admitting the evidence of the defendants that they did not authorize or make the written agreement sued on. We think it quite plain that there was no error in admitting this evidence. The suit was against members of a non-profit quasi governmental unincorporated association. Its only claim of liability was that the contract had been made by persons having authority to bind the Association and that those sued had authorized its making. It was plaintiff's burden to prove that this was so and it could not discharge this burden by merely offering the written contract. Assuming, without deciding, that the evidence plaintiff offered did tend to prove that some or all of the particular defendants sued had authorized the execution of the contract, it was certainly competent for these defendants to rebut this proof. Their evidence, if believed, entitled defendants to a verdict and the case having gone to the jury without request by plaintiffs for a direction and without exception of any kind to the manner of its submission, plaintiff is in no position here to complain of the verdict as without evidence to support it.

 As a last resort appellant, pointing to the fact that Veal's name is signed to the contract, insists that whatever may be the right of it as to the other defendants, there should be a reversal as to Veal. We do not think so. Veal did not sign the contract personally or personally promise to pay. He signed it officially and officially only.[1]

Plaintiff did not sue Veal as an agent for a principal, liable because he had as-

[1] "In the absence of a personal promise or covenant, one signing a contract who therein represents himself to be agent of an association as a disclosed and known principal, or who assumes to contract for such principal only, cannot be held personally liable upon the covenants contained in such contract." 4 Amer.Jr. 482, Sec. 42.

"All agents, by an express undertaking to that effect, may render themselves individually liable." Georgia Code 1933, Section 4-409.

"Where the agency is known, and the

sumed to bind his principal but had failed to do so, it sued him as the contractor. Its proof showed that Veal signed the contract sued on not as contractor and for himself, but as president of a disclosed principal.

The judgment was right. It is affirmed.

---

credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." Georgia Code 1933, Section 4-406.

"The form in which the agent acts is immaterial; if the principal's name is disclosed, and the agent professes to act for him, it will be held to be the act of the principal." Georgia Code 1933, Section 4-304. Phinizy v. Bush, 129 Ga. 479, 59 S.E. 259; Mobley, Superintendent, v. Childs, 172 Ga. 723, 158 S.E. 579; Hill v. Daniel, 52 Ga.App. 427, 183 S.E. 662.