JOHNSON, Respondent, v. GRAFF, Appellant

(5 N. W.2d 33.)

(File No. 8506. Opinion filed August 3, 1942.)

**Danforth & Danforth,** of Sioux Falls, for Appellant.

**Jones, Matthews & Fitzpatrick,** of Sioux Falls, for Respondent.

RUDOLPH, P.J. The facts in this case are not in dispute. A. N. Graff, the administrator of the estate of Lars Engebretson, deceased, wished to pay a certain judgment which had been obtained against the estate. There were no available estate funds. Mr. Graff borrowed from the Corn Exchange Bank $1,500 for this purpose. The facts surrounding the making of this loan are as follows: Mr. Graff consulted Mr. Meyhaus, the president of the bank, with whom he conducted his personal business, and Mr. Meyhaus, after being told the purpose of the loan, advised Mr. Graff, that he, Mr. Graff, could not afford to be personally responsible for this loan; that he should get an order from the County Court authorizing the loan, and thereby avoid personal responsibility. The County Court order was obtained and the loan made. To evidence the indebtedness Mr. Graff gave to the bank a promissory note signed, "Lars Engebretson Estate, by A. N. Graff Adm." This action is based upon the note, and seeks to hold Mr. Graff personally liable thereon. The trial court entered a judgment in favor of the plaintiff and the defendant has appealed.

The trial court found as a fact that the bank made the loan in reliance upon the signature of A. N. Graff. If such is a finding of ultimate fact, we are convinced it has no support in the record. Certainly the manner in which the note was signed does not lend any support to the finding. Mr. Graff did not purport to sign the note in a personal capacity, and the undisputed facts above stated refute any thought that the bank was looking to the personal responsibility of Mr. Graff. We think it clear from the record that the bank as well as Mr. Graff intended the note to be an obligation of the estate, and not the personal obligation of Mr. Graff.

Respondent relies upon SDC 46.0125, which is Section 20 of the Uniform Negotiable Instruments Act, as follows: "Where the instrument contains or a person adds to his signature words indicating that he signs for or on behalf of a principal, or in a representative capacity, he is not liable on the instrument if he was duly authorized." Respondent contends that Mr. Graff was without authority as administrator of the Engebretson estate to make this loan from the bank, and that the County Court was without power to authorize such loan. It is contended that the only authority of an administrator to borrow money for an estate is contained in the statutes which permit and authorize an administrator to mortgage property of the estate. SDC 35.1119, 35.1120. For the purpose of this opinion we may concede the above contention of respondent, i.e., that under the law of this state and the facts presented Mr. Graff was without authority as administrator to make this loan for the estate. It is respondent's further contention that Mr. Graff, being without authority as administrator to make the loan, and he having signed the note in a representative capacity, the statute makes him personally liable upon the note.

■ The now generally accepted construction of this statute is found in the opinion written by the late Judge Cardozo in the case of New Georgia Nat. Bank of Albany, Ga., v. J. & G. Lippmann et al., 249 N. Y. 307, 164 N. E. 108, 109, 60 A. L. R. 1344. The statute as construed places personal liability on the note upon one, who without authority signs in a representative capacity, by means of an inference arising from the proviso "if he was duly authorized", contained in the statute. We quote from the opinion: "Whenever the form of the paper is such as fairly to indicate to the eye of common sense that the maker signs as agent or in a representative capacity, he is relieved of personal liability if duly authorized. * * * But along with this relief there goes a new burden, the corrective of an exemption too broad if unrestrained. By hypothesis the signer has not meant to contract as an individual. Accordingly, there was need to make provision for the case where the

agent or representative, though indicating an intention to contract otherwise than personally, had acted without authority. For this the proviso was inserted. As the price, so to speak, of relief from liability when authority exists, there is to be liability on the instrument when authority fails. Unless this was meant, the interjection of the proviso becomes an irrelevant futility."

The basis for this construction seems to be found in the fact that before the enactment of the statute "all manner of subtle distinctions had to be drawn before one could say where liability would rest." The result was a hinderance to negotiability and, liability being based upon a breach of implied warranty rather than upon the note itself, it was difficult for the plaintiff to prove the amount to be recovered. It was to do away with this confusion that prompted the adoption of Section 20 of the Negotiable Instruments Law, which placed liability on the note itself on the unauthorized agent or representative. Brannan's Negotiable Instruments Law, 6th Ed., page 296. However, the application of the law as thus construed is not without its limitations. This, we believe, is indicated in Judge Cardozo's opinion wherein he states: "The question is not here whether the agent is to be held upon the instrument when the lack of authority, though unknown to him, was known to the holder."

And it has been generally held, so far as we can determine, that where the note has not been negotiated and the payee knew at the time he obtained it that there was no authority in the agent or representative to make it, or where it was intended by both the maker and the payee at the time the note was given that there should be no personal liability upon the agent or representative, that the statute was not intended to and does not make the unauthorized agent or representative personally liable upon the note, when he signs either as agent or in a representative capacity. Annis v. Pfeiffer et al., 278 Mich. 692, 271 N. W. 568; Loveland et al. v. Hanson, 172 Wis. 627, 179 N. W. 782; Bank of Spruce Pines v. Vance et al., 205 N. C. 103, 170 S. E. 119; Eliason State Bank v. Montevideo Baseball Ass'n, 160 Minn. 341,

200 N. W. 300; Southern Supply Co. v. Mathias, 147 Md. 256, 128 A. 66; Mobley, Superintendent, etc., v. Childs, 172 Ga. 723, 158 S. E. 579. Such a limitation as placed upon the application of the statute in the above cases appeals to us as sound. It cannot hamper negotiation since it does not apply to a holder in due course, and obviously it would be an unjust application to impose liability where none was intended or where the payee knew of the lack of authority.

 We apply the above to the facts before us. Mr. Graff's lack of authority (if no authority existed) was by reason of the law of this state. Mr. Meyhaus was presumed to know the law to the same extent as Mr. Graff. Mr. Meyhaus requested the order of the County Court, and we cannot escape the conclusion, under this record, that he relied upon this order and not the personal responsibility of Mr. Graff. Further we believe the undisputed evidence shows that it was intended by both Graff and Meyhaus that Graff should assume no personal responsibility. Under these facts we believe it would be an unwarranted extension of the inference of liability drawn from the proviso in the statute to impose a personal liability on Mr. Graff on this note.

The judgment appealed from is reversed.

All of the Judges concur, except WARREN, J., not sitting.