Sherrie **HANSON,** Plaintiff–Appellant,

v.

**BROOKINGS HOSPITAL,**
Defendant–Appellee.

No. 17188.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1991.

May 8, 1991.

Review Denied July 24, 1991.

Philip R. Parent of Lammers, Lammers, & Kleibacker, Madison, for plaintiff-appellant.

James L. Hoy of Hoy & Hoy, Sioux Falls, for defendant-appellee.

MILLER, Chief Justice.

Sherrie Hanson (Hanson) appeals the dismissal of her negligence action against the Brookings Municipal Hospital (the hospital). We affirm.

## FACTS

During February and March 1988, Hanson underwent three separate operations for the removal of kidney stones. All three operations were performed at the hospital. The operations were unsuccessful and Hanson subsequently had the surgery performed at a different hospital.

On December 18, 1989, well over 180 days after the surgeries, Hanson served a summons and complaint on the hospital. The complaint alleged various acts of negligence in the course of her treatment and sought damages for Hanson's pain, mental anguish, separation from her family and lost income. The hospital served its answer on December 26, 1989. In its answer, the hospital moved to dismiss Hanson's complaint for failure to provide notice of her injury pursuant to SDCL 3–21–2:

> No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter *within one hundred eighty days after the injury.* (emphasis added).

A hearing was held on the hospital's motion to dismiss on April 24, 1990. The

trial court subsequently entered its order and judgment dismissing Hanson's complaint for failure to comply with SDCL 3–21–2. Hanson appeals.

### ISSUE ONE

WHETHER THE HOSPITAL SHOULD HAVE BEEN ESTOPPED FROM RAISING THE NOTICE REQUIREMENTS OF SDCL CH. 3–21 AS A DEFENSE?

■ SDCL ch. 3–21 sets forth specific notice requirements that must be satisfied as a prerequisite to maintenance of a tort action against a "public entity." *Finck v. City of Tea*, 443 N.W.2d 632 (S.D.1989). SDCL 3–21–1(1) defines the term "public entity" to include, "all ... legal entities that public entities are authorized by law to establish[.]" Municipalities are authorized to establish hospitals in SDCL 34–9–1: "every city shall have power ... *[t]o establish*, construct, purchase, and maintain hospitals and medical clinics and to regulate the same[.]" (emphasis added). The hospital was, in fact, established by the City of Brookings in 1964 by Chapter 18, Article I, § 18–1 of its ordinances: "The Brookings Municipal Hospital is hereby created *and established* in and for the city." (emphasis added). Based upon these provisions, it is clear that the hospital is a public entity as contemplated by SDCL ch. 3–21.

SDCL 3–21–2 requires a plaintiff in a tort action against a public entity to give written notice to the entity of the, "time, place and cause of the injury ... within one hundred eighty days after the injury." The notice must be given to the attorney general and, in a case such as this, to the chief executive officer or secretary of the governing board of the public entity. SDCL 3–21–3(5). During the course of the hearing on this matter, Hanson conceded her failure to comply with the notice requirements of SDCL 3–21–2. Based upon this failure, the trial court dismissed Hanson's action.

■ Hanson asserts that the hospital should have been estopped from raising the notice requirements of SDCL ch. 3–21 as a

defense because the hospital has in no way held itself out as a public entity. She asserts that the only record evidence indicating that the hospital is a public entity is an affidavit of the hospital's counsel in the settled record and a city ordinance referring to the creation of a hospital *board*.

Hanson's arguments are partially resolved by the record. During the hearing on this matter, the trial court explicitly took judicial notice of Brookings, "ordinance number 18–1." As previously quoted in this decision, Ordinance No. 18–1 specifically states that it creates and establishes the Brookings Municipal Hospital. The only person during the hearing on this matter to refer to an ordinance merely creating a hospital board was Hanson's own counsel. However, that is a separate Ordinance No. 18–18 which was *not* judicially noticed by the trial court.

■ Moreover, the enactment of the ordinance establishing the hospital forestalls any contention by Hanson that the hospital does not hold itself out as a public entity. Individuals are presumed to know the law. *Hieb v. Opp*, 458 N.W.2d 797 (S.D.1990); *Johnson v. Graff*, 68 S.D. 562, 5 N.W.2d 33 (1942). The law includes municipal ordinances. SDCL 1–1–22; SDCL 1–1–23(7). Thus, Hanson must be presumed to have had knowledge of the ordinance establishing the hospital and, therefore, the existence of the public entity status of the hospital.

■ Furthermore, mere innocent silence or inaction will not work an estoppel unless one remains silent when he has a duty to speak. *Matter of Estate of Williams*, 348 N.W.2d 471 (S.D.1984); *Willadsen v. Crawford*, 75 S.D. 161, 60 N.W.2d 692 (1953). Generally, to work an estoppel, there must be some intended deception in the conduct or declaration of the party to be estopped. *In re Cancel. of Stabio Ditch Water Right*, 417 N.W.2d 391 (S.D.1987). The conduct must have induced the other party to alter his position or do that which he would not otherwise have done to his prejudice. *Estate of Williams, supra.*

Here, Hanson has failed to point to any particular act or conduct on the part of the hospital that induced her to believe it was not a public entity. The argument she raises merely points to silence or inaction on the part of the hospital in failing to affirmatively notify her that it *is* a public entity. She asserts that nowhere in the hospital's letterhead, correspondence, billing statements or release forms did the hospital reference the city's ownership. Yet, she fails to provide any authority that the hospital is under a duty to advise patients of the city's ownership in any such manner. Moreover, she ignores that the name of the hospital itself implies municipal participation in its operation. Finally, she fails to cite any evidence that the failure of the hospital to note its municipal ownership in the forms and documents she received was an intended deception as opposed to a standard operating procedure. Based upon these considerations and the rule that estoppels against the public are little favored and should be used sparingly, Hanson's attempt to raise an estoppel against the hospital must be rejected. *Sioux Valley Hosp. Ass'n v. Tripp County*, 404 N.W.2d 519 (S.D.1987).

### ISSUE TWO

WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT HANSON RELIEF FROM THE NOTICE REQUIREMENTS OF SDCL CH. 3-21 UNDER SDCL 15-6-60(b)(1)?

██ SDCL 15-6-60(b)(1) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect[.]

During the hearing on this matter, Hanson argued before the trial court that because of the hospital's failure to represent itself as a public entity, her failure to comply with the notice requirements of SDCL ch. 3-21 should be deemed excusable ne-glect. Rejecting that argument, the trial court stated that it didn't see where it had any discretion to act in equity allowing for excusable neglect or anything else. On appeal, Hanson asserts that SDCL 15-6-60(b) provides grounds for relief from the notice requirements of SDCL ch. 3-21 on the grounds of excusable neglect, that her failure to discover that the hospital is a public entity subject to these notice requirements constitutes excusable neglect and, therefore, that it was within the jurisdiction of the trial court to relieve her of the notice requirements under SDCL 15-6-60(b).

Hanson's arguments simply ignore the plain language of SDCL 15-6-60(b). It states only that a court may relieve a party, "from a final *judgment, order,* or *proceeding* [.]" *Id.* (emphasis added). We fail to perceive how the notice requirements of SDCL ch. 3-21 can be construed as a final judgment, order, or proceeding subject to this rule and Hanson cites no authority for such a proposition.

Further,

a party cannot have relief under Rule 60(b)(1) merely because he is unhappy with the judgment. Instead he must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. *Ignorance of the rules is not enough, nor is ignorance of the law.*

11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2858 (1973) (emphasis added). *See also, United States v. Thompson*, 438 F.2d 254 (8th Cir.1971); *Hoffman v. Celebrezze*, 405 F.2d 833 (8th Cir.1969). Thus, Hanson's ignorance of the applicability of the notice requirements of SDCL ch. 3-21 to the hospital would not provide Rule 60(b) grounds for relieving her from the notice requirements even if they were subject to relief under Rule 60(b).

Affirmed.

HENDERSON, J., and HERTZ, Acting Justice, concur.

WUEST and SABERS, JJ., concur specially.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted did not participate.

WUEST, Justice (concurring specially).

I concur in the majority opinion, and although it is not an issue in this case, I wish to point out that trial courts cannot take judicial notice of municipal ordinances. *Nase v. Christensen,* 409 N.W.2d 131 (S.D. 1987); *Anderson v. Adamson,* 79 S.D. 429, 112 N.W.2d 612 (1962).

---

\* The term may include a public entity of almost any kind in any capacity. SDCL 3–21–1(1) defines "public entity" to include "all other legal entities that public entities are authorized by

SABERS, Justice (specially concurring).

The pitfalls of this case *SHOUT* a message to *ALL* the people of this state:

"If you deal with a city or a 'public entity' \* and suffer injury or damage—go immediately to a good attorney! Do not delay! Better yet, in cases like this, have the attorney come to the hospital—anything else may be too late!"