**Shawn Curtis SMITH, Plaintiff and Appellant,**

v.

**Fredrick H. NEVILLE, Defendant and Appellee.**

**No. 18981.**

Supreme Court of South Dakota.

Considered on Briefs May 24, 1995.

Reassigned Aug. 23, 1995.

Decided Nov. 15, 1995.

Jon J. Lafleur of Lafleur, Lafleur & Lafleur, Rapid City, for plaintiff and appellant.

Richard J. Helsper and Eric N. Rasmussen of Helsper & Rasmussen, Brookings, for defendant and appellee.

SABERS, Justice (on reassignment).

Shawn Curtis Smith (Smith) appeals a summary judgment in his negligence action against Fredrick H. Neville (Neville). We reverse and remand.

### FACTS

On February 13, 1993 in Rapid City, South Dakota, a motor vehicle operated by Smith collided with a snow plow operated by Neville. Smith sustained various injuries as a result of the accident and, on June 23, 1994, he caused a summons and complaint for negligence to be served on Neville. Neville answered alleging that, at all times material to the accident, he was an employee of the South Dakota Department of Transportation. As an affirmative defense, Neville further alleged that Smith failed to give sufficient notice of his injury to the State of South Dakota pursuant to SDCL 3–21–2 and 3–21–3:

> No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity *or its employees* unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

SDCL 3–21–2 (emphasis added).

> Notice shall be given to the following officers as applicable:
>
> (1) In the case of the state of South Dakota, to the attorney general *and the commissioner of administration* [.]

SDCL 3–21–3 (emphasis added).

On July 22, 1994, Neville served a motion for summary judgment on Smith. Neville contended that Smith's failure to give notice of his injury pursuant to SDCL 3–21–2 and 3–21–3 barred his action. Along with his motion, Neville filed an affidavit by the Com-

missioner of Administration for the State of South Dakota. The Commissioner alleged he had never received any notice of injury from Smith pursuant to SDCL 3–21–2 and 3–21–3. Smith subsequently filed a counter-affidavit alleging that, within a month of the accident, he had contacted a claims adjuster working on behalf of the State of South Dakota. Smith further alleged that he had received a check for the property damage to his vehicle and that, "[b]efore the beginning of March 1993," he had filled out a claim form provided by the South Dakota Department of Transportation. Smith also alleged that he had filled out a second claim form on August 8, 1993 that was submitted to Governor Walter Miller, Attorney General Mark Barnett and the claims adjuster. Smith argued that this substantial compliance with the notice requirements of SDCL 3–21–2 and 3–21–3 was sufficient to avoid the barring of his negligence action.

A hearing on Neville's summary judgment motion was held on September 12, 1994. On September 15, 1994, the trial court entered summary judgment for Neville, "for the reason that [Smith] did not give notice to the Commissioner of Administration of the State of South Dakota as required by SDCL 3–21–3." Smith appeals.

### ISSUE

DID THE TRIAL COURT ERR IN GRANTING NEVILLE'S MOTION FOR SUMMARY JUDGMENT?

Smith contends the trial court erred in granting Neville's summary judgment motion because his timely notice to the Attorney General and the claims adjuster constituted sufficient compliance with the notice requirements of SDCL 3–21–2 and 3–21–3.

In this instance, there is no dispute over the material facts regarding Smith's failure to give notice of his injury to the Commissioner of Administration. Therefore, the determination of whether summary judgment was appropriate in this case rests solely on the legal effect of Smith's failure to provide that notice. See State Dept. of Revenue v. Thiewes, 448 N.W.2d 1 (S.D.1989)(summary judgment appropriate if there is no genuine

issue of material fact and moving party is entitled to judgment as a matter of law).

There is abundant precedent from this Court on the consequences of a failure to provide proper notice of a claim or suit to a public entity. See Inlagen v. Town of Gary, 34 S.D. 198, 147 N.W. 965 (1914)(verdict for plaintiff affirmed despite informal notice rather than strict compliance with notice provisions); Walters v. City of Carthage, 36 S.D. 11, 153 N.W. 881 (1915)(verdict for plaintiff affirmed despite failure of notice to identify cause of injury); Mount v. City of Vermillion, 250 N.W.2d 686 (S.D.1977)(summary judgment for defendant reversed despite plaintiff's failure to provide timely notice of injury); Budahl v. Gordon & David Assoc., 287 N.W.2d 489 (S.D.1980)(summary judgment for defendant affirmed due to plaintiff's failure to provide timely notice of injury); Finck v. City of Tea, 443 N.W.2d 632 (S.D.1989)(summary judgment for defendant affirmed on the basis that statutory notice is mandatory); Hanson v. Brookings Hosp., 469 N.W.2d 826 (S.D.1991)(dismissal affirmed where plaintiff failed to provide notice of injury); Cody v. Leapley, 476 N.W.2d 257 (S.D.1991)(summary judgment for defendants reversed where defendants failed to establish plaintiff's noncompliance with notice provisions); Brishky v. State, 479 N.W.2d 489 (S.D.1991)(summary judgment for defendants affirmed where plaintiff failed to provide notice of injury).

■ The feature that distinguishes this case from the foregoing authorities is the affirmative conduct of the State and its insurers. The notice statutes nowhere grant the State, its insurers or agents the authority or right to affirmatively create an objectively reasonable impression in a would-be claimant that the claimant has fully complied with the claims procedure and then pull the rug out from under the claimant after the time has expired for literal compliance with the statute. If the State is going to insist on literal compliance with the claims statutes by would-be claimants, it can be held to no less a standard itself. While the State and its agents have no legal duty to gratuitously hand out legal advice on notice statutes, nei-

ther do they have the right under the statutes to affirmatively mislead.

■ Here, Smith received a check for property damages for his vehicle after the State, through its agent, investigated the accident. The claim form provided by the South Dakota Department of Transportation to Smith stated at the bottom: "MAIL TO: GAB BUSINESS SERVICES INC.," followed by a mailing address. It said nothing about mailing a copy to the Commissioner of Administration. Smith accurately filled out the claim form as requested and promptly returned it to GAB at the address GAB requested. The letter dated March 16, 1993 from GAB Business Services to Smith, which accompanied the claim form stated, "[p]lease have claim form signed & notarized and returned w/Title properly signed over." Smith responded to GAB: "I had my wife sign the claim release. Please let me know what's happening with the physical injury claim." Apparently GAB chose not to reply and let the notice period lapse.

■ This Court has previously held that an estoppel can be applied against public entities in exceptional circumstances to "prevent manifest injustice." *City of Rapid City v. Hoogterp,* 85 S.D. 176, 180, 179 N.W.2d 15, 17 (1970). This very issue arose in *Hanson, supra.* In *Hanson,* it was argued that the Brookings Hospital should be estopped in its reliance upon SDCL Ch. 3–21 as it had given the plaintiff no notice that it was a municipal hospital protected by that chapter. This Court set out the following criteria to implement an estoppel when raised as a defense to SDCL ch. 3–21:

> Furthermore, mere innocent silence or inaction will not work an estoppel unless one remains silent when he has a duty to speak. Generally, to work an estoppel, there must be some intended deception in the conduct or declaration of the party to be estopped. The conduct must have induced the other party to alter his position or do that which he would not otherwise have done to his prejudice.
> Here, Hanson has failed to point to any particular act or conduct on the part of the hospital that induced her to believe it was not a public entity. The argument she

raises merely points to silence or inaction on the party of the hospital in failing to affirmatively notify her that it *is* a public entity.

*Hanson,* 469 N.W.2d at 828–29 (emphasis original) (citations omitted). *See also Sioux Valley Hosp. Ass'n v. Tripp County,* 404 N.W.2d 519 (S.D.1987)(citing *Northwestern Public Serv. v. City of Aberdeen,* 90 S.D. 627, 637, 244 N.W.2d 544, 549 (1976)).

As established above, the facts of this case do constitute affirmative action by the State and its claims adjuster that would cause an objectively reasonable person to believe that the proper authorities of the State had received notice and that nothing else was necessary on the part of the private citizen to have his claim processed.

Based upon the foregoing, we hold that the trial court erred in granting Neville summary judgment because Neville is estopped from raising the notice defense under SDCL ch. 3–21. Having reached this conclusion, it is unnecessary to address Smith's other arguments.

Reversed and remanded.

MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ., concur.