1996 SD 1

Lois ERICKSON and Desmet Farm Mutual Insurance Co., Plaintiffs and Appellants,

v.

COUNTY OF BROOKINGS, South Dakota, Defendant and Appellee.

No. 19075.

Supreme Court of South Dakota.

Considered on Briefs Oct. 19, 1995.

Decided Jan. 10, 1996.

James A. Craig, Sioux Falls, for plaintiffs and appellants.

Gary P. Thimsen and Tim R. Shattuck of Woods, Fuller, Shultz & Smith, Sioux Falls, for defendant and appellee.

PER CURIAM.

[¶ 1] Lois Erickson (Erickson) appeals a summary judgment for Brookings County (County) in her negligence action against County. We reverse and remand.

FACTS

[¶ 2] On June 9, 1993, Erickson's vehicle slid off a County highway when the surface suddenly switched from pavement to loose gravel. Erickson suffered various damages from the accident including the loss of her vehicle.

[¶ 3] On September 28, 1993, in a letter to County's auditor, Erickson's counsel notified County of his representation and of Erickson's claim for damages. The notice was issued pursuant to SDCL 3-21-2 and contained information regarding the time, place and cause of Erickson's injuries.[1] In a letter

---

1. SDCL 3-21-2 provides:
   No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity

---

to County's auditor dated October 4, 1993, Erickson's insurer also notified County of its subrogation claims.

[¶ 4] On October 6, 1993, County's insurance adjuster sent a written "speed letter" to the Office of the Attorney General of South Dakota. The "speed letter" referenced Erickson's name, the date of her loss, the name of the county and inquired as follows:

DEAR MR. EICHSTADT [i.e., a deputy attorney general],

PLEASE ADVISE WHETHER THE ATTY GENERAL HAS BEEN PLACED ON NOTICE OF THIS CLAIM. THANKyou,

SINCERELY,

[adjuster's signature]

In response to the adjuster's inquiry, Deputy Attorney General Eichstadt phoned the adjuster and advised him that the Office of Attorney General had not been given proper notice of the claim. The same day, Eichstadt returned the "speed letter" to the adjuster with the following notation:

Mr. Parks [i.e., the adjuster]:

As I indicated to you over the phone, my records show "no notice" on this claim as of this date.

[Eichstadt's signature]

[¶ 5] On October 8, 1993, the adjuster contacted Erickson's counsel and asked to take Erickson's statement. On October 13, the adjuster took Erickson's statement over the telephone and had the statement transcribed. After receiving a copy of the transcribed statement, Erickson's counsel phoned the adjuster and asked whether County had completed its investigation and whether it intended to pay the claim. The adjuster advised that the investigation was continuing with statements to be taken from County's highway department employees and that County would make its decision upon completion of the investigation. On December 10, Erickson's counsel wrote the adjust-

---

or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

er, again requesting an advisement as to whether County intended to pay the claim. On December 15, Erickson's counsel spoke with the adjuster who assured counsel that the investigation was ongoing.

[¶ 6] On January 17, 1994, Erickson's counsel received a letter from an adjuster for County advising, for the first time, that County was denying Erickson's claim due to her failure to provide the Attorney General with notice of her injury pursuant to SDCL 3–21–3.[2] That same day, Erickson's counsel sent the Attorney General a certified letter advising him of Erickson's claim and providing him with a copy of the original notice of injury.[3]

[¶ 7] On May 6, 1994, Erickson served County with a summons and complaint for negligence and emotional distress. Erickson sought actual damages of $7,585.26 plus damages for emotional distress, prejudgment interest, attorney fees and costs. County answered, raising Erickson's failure to comply with the notice provisions of SDCL 3–21–2 and 3–21–3 as an affirmative defense. On October 28, County filed a motion for summary judgment.

[¶ 8] On November 10, 1994, Erickson filed a motion for leave to amend her complaint to add a request that County be equitably estopped from raising its notice defense and a request for a determination that the notice provisions of SDCL 3–21–3 are unconstitutional in violation of various provisions of the state and federal constitutions.

[¶ 9] A hearing was held on County's summary judgment motion and the trial court subsequently issued orders granting Erickson's motion to amend her complaint and granting County summary judgment due to Erickson's failure to provide the Attorney General with timely notice of her injury as required by SDCL 3–21–3. Erickson appeals.

## STANDARD OF REVIEW

[¶ 10] In a summary judgment case, this Court's, "task on appeal is to determine only whether a genuine issue of material fact exists and whether the law was correctly applied." *Pickering v. Pickering*, 434 N.W.2d 758, 760 (S.D.1989). In this instance, there is no dispute over the material facts concerning the notice that was and was not given by Erickson prior to commencement of her suit. Therefore, the determination of whether summary judgment on the basis of County's notice defense was appropriate in this case is a question of law fully reviewable by this Court. *See Kehn v. Hoeksema*, 524 N.W.2d 879, 880 (S.D.1994) (where material facts are not in dispute propriety of summary judgment is a question of law reviewed de novo by this Court).

## ISSUE

[¶ 11] DID THE TRIAL COURT ERR IN FAILING TO ESTOP COUNTY FROM RAISING THE NOTICE DEFENSE?

[¶ 12] Erickson contends the trial court erred in granting County summary judgment because County should have been estopped from raising lack of notice to the Attorney General as an affirmative defense. Erickson asserts that County, as a self insuring public entity, had a duty to exercise good faith in acting on her claim. Erickson contends that County breached that duty by asserting it was actively investigating her claim when, in reality, it was merely waiting for the notice period to expire before denying the claim. We agree.

[¶ 13] Clearly, the evidence in this case reflects that County's adjusters "strung Erickson along" with excuses that they were investigating her claim while the time for providing notice to the Attorney General ticked by. County's adjusters all but conceded that strategy in their deposition testi-

---

2. At the time of Erickson's accident, SDCL 3–21–3 (Supp 1992) provided in pertinent part:
 Notice shall be given to the attorney general and the following officers as applicable:
  * * * * * *
 (2) In the case of a county, to the county auditor[.]

3. The one hundred eighty day period for providing such notice to the Attorney General expired on or about December 6, 1993.

mony. Just as clearly, had County's adjusters promptly notified Erickson that County intended to deny her claim because of lack of notice to the Attorney General, Erickson would have provided the notice as she ultimately did, albeit untimely. This deceptive conduct cannot be countenanced.

[¶ 14] The principle of estoppel with regard to the notice defense was first addressed by this Court in *Hanson v. Brookings Hosp.,* 469 N.W.2d 826 (S.D.1991). In *Hanson,* a woman brought a negligence action against a municipal hospital for injuries resulting from three unsuccessful operations to remove kidney stones. The hospital defended on the basis of lack of any notice of injury under SDCL 3–21–2 and 3–21–3. Summary judgment was granted in favor of the hospital. On appeal, the woman contended the hospital should have been estopped from raising the notice defense because it in no way held itself out to the public as a public entity. This Court rejected those contentions on the basis of the municipal ordinances establishing the hospital and the use of the city's name in the name of the hospital. Additionally, this Court observed:

> [M]ere innocent silence or inaction will not work an estoppel unless one remains silent when he has a duty to speak. Generally, to work an estoppel, there must be some intended deception in the conduct or declaration of the party to be estopped. The conduct must have induced the other party to alter his position or do that which he would not otherwise have done to his prejudice.
>
> Here, Hanson has failed to point to any particular act or conduct on the part of the hospital that induced her to believe it was not a public entity. The argument she raises merely points to silence or inaction on the part of the hospital in failing to affirmatively notify her that it *is* a public entity.

*Hanson,* 469 N.W.2d at 828–29 (citations omitted) (emphasis original).

[¶ 15] Here, in contrast with *Hanson,* there was not "mere innocent silence or inaction" on the part of County's adjusters. Rather, they made various affirmative representations to Erickson's counsel that investi-

gation of the claim was ongoing. In fact, that was not the case. Rather, their strategy was clearly to defer action on the claim until the time for providing notice to the Attorney General expired. After that time, County could "safely" deny the claim with no repercussions in light of its notice defense. This intended deception and the affirmative declarations of County's adjusters should have estopped County from raising the notice defense.

[¶ 16] Additional support for this conclusion lies in this Court's recent decision in *Smith v. Neville,* 539 N.W.2d 679 (S.D.1995). As observed therein:

> The notice statutes nowhere grant the State, its insurers or agents the authority or right to affirmatively create an objectively reasonable impression in a would-be claimant that the claimant has fully complied with the claims procedure and then pull the rug out from under the claimant after the time has expired for literal compliance with the statute. If the State is going to insist on literal compliance with the claims statutes by would-be claimants, it can be held to no less a standard itself. While the State and its agents have no legal duty to gratuitously hand out legal advice on notice statutes, neither do they have the right under the statutes to affirmatively mislead.

*Smith,* 539 N.W.2d at 681–82. This aptly describes the situation in the present case. Based upon the same reasoning, the trial court erred in failing to estop County from raising the notice defense.

Having concluded that summary judgment was inappropriate in this case because County should have been estopped from raising the notice defense, we deem it unnecessary to address the remaining issues raised in Erickson's brief.

[¶ 17] Reversed and remanded.

[¶ 18] MILLER, C.J., and SABERS, KONENKAMP and GILBERTSON, JJ., participating.

[¶ 19] AMUNDSON, J., disqualified.