Marlene FURGESON, for herself and as Special Administratrix of the Estate of Douglas D. Furgeson, deceased, and Nicholas D. Gakin, and Tiaona R. Gakin, minors, by Marlene Furgeson and Nikki D. Gakin, Guardians Ad Litem, Plaintiffs,

v.

Dean BISBEE and Emmett Kaiser, individually and in their official capacity as officers of the South Dakota Department of Game, Fish and Parks; Richard Beringson, individually and in his capacity as Secretary of the Department of Game, Fish and Parks; and South Dakota Department of Game, Fish and Parks, Defendants.

No. CIV 93–3039.

United States District Court,
D. South Dakota,
Central Division.

Aug. 6, 1996.

Brad A. Schreiber and Gregory Alan Eiesland, Belle Fourche, SD, for plaintiffs.

Brent A. Wilbur, Pierre, SD, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING AND DENYING SUMMARY JUDGMENT

KORNMANN, District Judge.

All defendants made a motion for summary judgment, Doc. 56. In addition, defendants Emmett Keyser (incorrectly spelled in the caption as Kaiser), Richard Beringson and South Dakota Department of Game, Fish and Parks, made a motion for partial summary judgment, Doc. 80. These motions have been briefed by all parties and are ripe for decision. In deciding these motions the Court has reviewed all pleadings, affidavits, depositions, exhibits and other documents filed with the Clerk.

### I. Factual Background

Marlene Furgeson represents the estate of Doug Furgeson and along with Nikki Gakin represents Doug Furgeson's surviving children as their guardians ad litem ("the plaintiffs"). In February, 1992, Doug Furgeson ("Furgeson") was killed in attempting to drive his pickup truck up a steep hill. Spikes sticking out of the ground toward the·top of the hill punctured two of his tires, causing the truck to roll down the hill. Plaintiffs seek damages based upon the following theories: wrongful death, survival, and violation of Furgeson's constitutional and civil rights under 42 U.S.C. § 1983.

Plaintiffs claim defendants willfully and maliciously planted certain spike devices in the Boyer Bottom area of Brule County, South Dakota, thus causing the death of Furgeson. This land is owned by the United States and administered by the South Dakota Department of Game, Fish and Parks ("the Department").

To curtail certain hill climbing activities in the Boyer Bottom area, Dean Bisbee, a conservation officer with the Department, placed spike devices in the ground toward the top of the hill at issue. Bisbee was primarily responsible for enforcing laws and regulations in the Boyer Bottom area. Bisbee placed these spike devices at the top of the hill without discussing this matter with or obtaining approval from any of his superiors. Bisbee designed the spike devices and he had two co-workers build them at the Department building in Chamberlain, South Dakota.

Beringson was the Secretary of the Department. In the chain of command, Keyser was below Beringson and three levels above Bisbee. Beringson and Keyser were stationed in Pierre, South Dakota, and Bisbee was stationed in Chamberlain, South Dakota. Beringson and Keyser testified at their depositions in this matter that they were not aware of the placement of the spike devices by Bisbee. Bisbee corroborated these statements in his deposition by testifying that none of his superiors were aware of the spike devices.

### II. Decision

Summary judgment is to be granted only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED. R.EVID. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

### A. State Law Claims—Notice Defense

■ Defendants request that summary judgment be entered in their favor on plaintiffs' state law claims, i.e. survival, wrongful death and violation of the state constitution, because plaintiffs failed to give the written

notice required by SDCL § 3–21–2 (1994). This statutes provides:

No action for the recovery of damages for personal injury, property damage, error or omission or death caused by a public entity or its employees may be maintained against the public entity or its employees unless written notice of the time, place and cause of the injury is given to the public entity as provided by this chapter within one hundred eighty days after the injury.

*Id.* The proper persons to provide written notice to in this case were the attorney general and the commissioner of administration. SDCL § 3–21–3 (1994).

Marlene Furgeson apparently wrote a letter to former Governor George S. Mickelson shortly after her son's death in February of 1992. Governor Mickelson wrote a letter to Ms. Furgeson on April 7, 1992, wherein he acknowledged the death of her son, told her that he would do everything possible to ensure a proper investigation was conducted and that he felt a proper investigation was being conducted. Governor Mickelson stated that the Department had cooperated with law enforcement personnel once it learned a Department employee was part of the investigation. He further wrote:

You and I both want to determine the facts in this case. The state will continue to cooperate fully with local investigators and law enforcement personnel. I can assure you the Department of Game, Fish and Parks will take appropriate action guided by the outcome of the investigation and actions of local law enforcement.

He did not inform her that she needed to notify any other state officials of the death of her son.

Plaintiffs' counsel wrote a letter on May 12, 1992, to attorney Brent Wilbur, who represents the Department in this matter, informing him that no destructive testing was to be done on Furgeson's pickup. The letter refers to "the death of Doug Furgeson over in Chamberlain," and to a tire and wheel and "the spikes in question" that had been taken to the Department of Criminal Investigation Lab in Pierre, South Dakota. A copy of this letter was sent to Attorney General Mark Barnett, which specifically advised him to not do any destructive testing on the items removed from the scene or the pickup. Plaintiffs assert that this letter is sufficient to satisfy the written notice requirement in SDCL § 3–21–2 as to the attorney general. Although the letter does not specifically set out the time, place and cause of the injury, the Court agrees that the letter satisfies SDCL § 3–21–2 as to the attorney general.

Plaintiffs concede that written notice was not provided to the commissioner of administration within 180 days of Furgeson's death. Formal notice of Furgeson's death was sent to the attorney general, commissioner of administration and Secretary of the Department approximately two months after the expiration of the one hundred eighty (180) day time period contained in SDCL § 3–21–2.

Until recently, the South Dakota Supreme Court has been quite strict in requiring compliance with SDCL §§ 3–21–2 and 3–21–3 in order to recover against a public entity. *See In re Kindle,* 509 N.W.2d 278, 279 (S.D. 1993); *Brishky v. State,* 479 N.W.2d 489, 493 (S.D.1991); and *Finck v. City of Tea,* 443 N.W.2d 632 (S.D.1989). Recently, the South Dakota Supreme Court has excused strict compliance with the notice requirement where the public entity has affirmatively mislead a claimant. *See Erickson v. County of Brookings,* 1996 S.D. 1, 541 N.W.2d 734, 737 (S.D.1996); and *Smith v. Neville,* 539 N.W.2d 679, 681–82 (S.D.1995). In *Smith,* the State of South Dakota was estopped from raising the notice defense under SDCL Ch. 3–21 because the court found affirmative action by the State and its claims adjuster "would cause an objectively reasonable person to believe that the proper authorities of the State had received notice and that nothing else was necessary on the part of the private citizen to have his claim processed." *Id.*

Even if it could be held that the letter sent by plaintiffs' counsel to defendant's counsel and to the attorney general did not strictly satisfy the notice requirements in SDCL Ch. 3–21, the Court finds that the defendants should be estopped from raising the notice defense under the facts of this case. Affirmative representations were made by Governor Mickelson to Ms. Furgeson, namely that the investigation of the claim was in progress and that he would do everything possible to

ensure a proper investigation was done. He did not inform her that she was required to notify other state officials in order to preserve any cause of action she may have against the state. The implication of the letter was that the Governor's office would be notifying all persons responsible for the investigation. "While the State and its agents have no legal duty to gratuitously hand out legal advice on notice statutes, neither do they have the right under the statutes to affirmatively mislead." *Smith,* 539 N.W.2d at 681–82. The Court finds the representations by Governor Mickelson in his letter to Ms. Furgeson would "cause an objectively reasonable person to believe that the proper authorities had received notice," *Id.,* since Governor Mickelson was writing on behalf of the State of South Dakota and the Department. His reputation for honesty and fair dealing was well known in South Dakota at that time and any reasonable person would have relied on his promises and representations.

■ Defendants are estopped from raising the notice defense under SDCL Ch. 3–21 and summary judgment will not be granted to defendants on plaintiffs' claims for survival and wrongful death. The notice requirements of SDCL Ch. 3–21 have no effect on the viability of plaintiffs' claims of violation of the state or federal constitution or on plaintiffs' cause of action under 42 U.S.C. § 1983. *Wolff v. Secretary of the South Dakota Game, Fish and Parks Dept.,* 1996 S.D. 23, 544 N.W.2d 531, 535 (S.D.1996).

## B. 42 U.S.C. § 1983

■ States, "arms of the state", and state officials sued in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70–71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989). The Department is an "arm of the state" because it is an agency of the State of South Dakota. Summary judgment is appropriate for the Department on plaintiffs' § 1983 claim. State officials sued in their individual capacities are "persons" subject to suit under 42 U.S.C. § 1983. *Hafer v. Melo,* 502 U.S. 21,

23, 112 S.Ct. 358, 360, 116 L.Ed.2d 301 (1991).

## C. Liability of supervisors Beringson and Keyser

■ All defendants deposed in this case have testified that Beringson and Keyser had no knowledge of Bisbee's placement of the spike devices in the Boyer Bottom area. There is no evidence in the record that either Beringson or Keyser had promulgated any policy or rule on behalf of the Department which would have authorized the use of the spike devices. Plaintiffs have not presented any evidence to contradict the above facts. As to plaintiffs' claims for wrongful death and for injuries prior to Furgeson's death, plaintiffs have not produced any evidence that Beringson's or Keyser's conduct caused any injury to Furgeson so as to subject them to liability under SDCL §§ 20–9–1 (1995) or 21–5–1 (1987).

■ As to plaintiffs' claim under 42 U.S.C. § 1983, supervisors are not liable unless they were personally responsible for the alleged violation or they knew about it and turned a blind eye. *Boyd v. Knox,* 47 F.3d 966, 968 (8th Cir.1995). Plaintiffs have not pointed to any facts to show Beringson and Keyser were personally responsible for the placement of the spike devices or Furgeson's resulting injuries and death or that they even knew about such devices.

No genuine issue of material fact exists as to the liability of defendants Beringson and Keyser and summary judgment should be entered in their favor on all of plaintiffs' claims.

Now therefore,

IT IS ORDERED:

(1) Defendants' motions for summary judgment, Docs. 56 and 80, are granted as to defendants Emmett Keyser (incorrectly spelled in the caption as Kaiser) and Richard Beringson on all of plaintiffs' claims.

(2) Summary judgment is entered in favor of defendant Department of Game, Fish and Parks on plaintiffs' claims under 42 U.S.C. § 1983.

(3) Defendants' motions for summary judgment, Docs. 56 and 80, are denied in all other respects.