No. 95-3571

Bonnie Bell,                          *
                                      *
          Plaintiff-Appellant,        *
                                      *
     v.                               *     Appeal from the United States
                                      *     District Court for the
Randy Alan Fowler, individually       *     District of South Dakota.
and in his capacity as an             *
officer with the City of North        *
Sioux City, South Dakota;             *
Scott Price, individually and         *
in his capacity as former Chief       *
of Police of the City of North        *
Sioux City, South Dakota Police       *
Department; William C. Merrill,       *
individually and in his capacity      *
as Mayor of the City of North         *
Sioux City, South Dakota; City        *
of North Sioux City, South            *
Dakota,                               *
                                      *
          Defendants-Appellees.       *

_____

Submitted:  June 13, 1996

Filed:  October 23, 1996
_____

Before HANSEN, ROSS, and JOHN R. GIBSON, Circuit Judges.
_____

HANSEN, Circuit Judge.

     Bonnie Bell filed this action pursuant to 42 U.S.C. § 1983 and 42
U.S.C. § 1985(3), based on an incident where she was sexually assaulted by
former police officer Randy Alan Fowler, and the other defendants'
subsequent failure to investigate her charges against

Fowler. Bell also alleged several pendent South Dakota state law claims based on the incident. The district court[1] concluded that all of Bell's claims are barred by the applicable statute of limitations and accordingly granted summary judgment for the defendants. Bell appeals, arguing that the defendants should be equitably estopped from asserting the statute of limitations defense, that her § 1983 claim alleging the department's failure to investigate her charges of sexual assault and her § 1985(3) conspiracy claim are not barred by the applicable statute of limitations, and that the district court erred in denying her motion for additional discovery. We affirm.

**I.**

In the early morning hours of July 7, 1991, Bonnie Bell was sexually assaulted by Randy Fowler, who at that time was a uniformed police officer in North Sioux City, South Dakota. Fowler sexually assaulted Bell at the police station under threats that he could charge her with operating a motor vehicle while intoxicated if she did cooperate with his advances. Fowler was later prosecuted for this assault, and the Supreme Court of South Dakota affirmed his convictions for attempted second degree rape, simple assault, and sexual contact. State v. Fowler, 552 N.W.2d 391 (S.D. 1996).

On July 13, 1994, Bell commenced the present civil rights action against Fowler, former Chief of Police Scott Price, various unknown police officers, Mayor William Merrill, and the city of North Sioux City. Bell asserted a § 1983 cause of action, claiming that the defendants subjected her to excessive force through the sexual abuse and the threats of criminal charges, and that they

---

[1]The Honorable John B. Jones, United States District Judge for the District of South Dakota.

-2-

interfered with her right to seek redress for her injuries by covering up the officer's misconduct. Bell asserted a § 1985(3) cause of action, claiming that the defendants conspired to deprive her of equal protection of the laws. Bell also asserted South Dakota state law claims of assault and battery, intentional infliction of severe emotional distress, and negligence.

The district court granted the defendants' motion for summary judgment, concluding that Bell's claims are barred by the applicable three-year South Dakota statute of limitations. In so ruling, the district court rejected Bell's arguments that the defendants should be equitably estopped from asserting the statute of limitations. Also, the district court denied in part Bell's motion to take additional depositions. Bell appeals.

## II.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court and examining the record in the light most favorable to the nonmoving party." Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 258 (8th Cir. 1996). Summary judgment is appropriate when the record reveals that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Disesa v. St. Louis Community College, 79 F.3d 92, 94 (8th Cir. 1996). See Fed. R. Civ. P. 56(c). Summary judgment is also appropriate when the plaintiff has failed to make a sufficient showing of the existence of an essential element of her case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

### A.

Bell contends that the district court erred in concluding that her action is barred by the statute of limitations, though she

concedes that her state law assault and battery claim is barred by a two-year state law statute of limitations. Neither § 1983 nor § 1985(3) contains a specific statute of limitations. The Supreme Court has instructed courts to apply the most analogous state statute of limitations to claims made under these provisions. Wilson v. Garcia, 471 U.S. 261, 266-68 (1985). In South Dakota, a specific statute provides that civil rights actions must be brought within three years after the alleged constitutional deprivation occurred or the action will be barred. See S.D. Codified Laws Ann. § 15-2-15.2 (Michie Supp. 1996).

It is undisputed that Fowler assaulted Bell in the early morning hours of July 7, 1991. Bell filed the instant action on July 13, 1994, six days beyond the applicable three-year limitations period. Thus, the straightforward application of the limitations period results in a conclusion that Bell's cause of action is time-barred to the extent her claims rest on the actual sexual assault.

Bell attempts to defeat the limitations period by asserting that the defendants should be estopped from raising the statute of limitations defense by reason of their misleading conduct toward her. She claims that during a May 1994 interview with then Police Chief Ensley concerning the assault, she informed Ensley that she did not know the date of the attack, but she knew that it had occurred immediately after a street dance. Bell contends that Ensley contacted the city finance officer, Liesel Hallwas, who said that the date of the dance was July 17, 1991; Bell also contends that Ensley in turn provided her with this date. Hallwas later discovered, however, that in fact the date of the dance was July 6, 1991. This means that the assault occurred in the early morning hours of July 7, 1991. Hallwas informed Ensley of her error prior to the expiration of the statute of limitations in this case, but Ensley did not relay this information to Bell. Bell contends that

-4-

the defendants should be equitably estopped from asserting the statute of limitations defense because Ensley failed to provide her with the correct date of the dance.

The district court rejected Bell's argument, concluding that Bell was not entitled to equitable estoppel under either South Dakota law, which the court determined required a showing of fraud, or federal law. Bell argues that only federal equitable estoppel principles apply and that in any event, the district court incorrectly required a showing of fraud under South Dakota law. Our reading of the record reveals that the district court rejected Bell's equitable estoppel claim on both federal and state grounds, finding no basis for the claim under either on the facts of this case.[2]

This court has not yet had occasion to determine whether federal courts should apply federal or state equitable estoppel principles when borrowing a state statute of limitations in a civil rights action. The parties correctly observe that courts have

---

[2]The district court actually stated that there is no basis for "equitable tolling" in this case. Equitable estoppel and equitable tolling are two distinct concepts often blurred by inconsistent use of the terminology. "Our court has occasionally used the term equitable tolling as a blanket phrase which included equitable estoppel as well." Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1328 (8th Cir. 1995). As a rule, however, "`[e]quitable tolling is appropriate when the plaintiff, despite all due diligence, is unable to obtain vital information bearing on the existence of his claim.'" Id. (quoting Chakonas v. City of Chicago, 42 F.3d 1132, 1135 (7th Cir. 1994)) (alteration in original). Equitable tolling does not require any misconduct on the part of the defendant. Id. On the other hand, the doctrine of equitable estoppel focuses on the defendant's conduct. Id. at 1329. Equitable estoppel presupposes that the plaintiff knows of the facts underlying the cause of action but delayed filing suit because of the defendant's conduct. Id. Bell correctly refers to the doctrine of equitable estoppel because she was aware of the existence of her claim and her argument focuses on the conduct of a defendant, the city through its police chief and finance officer, which she contends caused her to delay filing her cause of action.

reached differing conclusions. <u>Compare</u> <u>Smith v. City of Chicago</u>, 951 F.2d 834, 841 (7th Cir. 1992) (holding federal courts, when borrowing state statutes of limitations, should apply the state doctrine of equitable tolling but the federal doctrine of equitable estoppel) and <u>Cange v. Stotler & Co.</u>, 826 F.2d 581, 585-86 (7th Cir. 1987) (same) <u>with</u> <u>Keating v. Carey</u>, 706 F.2d 377, 382 (2d Cir. 1983) (holding federal courts should apply the state's equitable estoppel doctrine when borrowing a state's statute of limitations). <u>See also</u> <u>Cange</u>, 826 F.2d at 599-600 (Easterbrook, J., concurring) (observing that Seventh Circuit's approach appears contrary to Supreme Court precedent).[3]  We need not resolve the issue in this case, because we conclude, as did the district court, that equitable estoppel is not available to Bell under either South Dakota law or federal equitable estoppel principles.

Likewise, while we recognize a conflict within South Dakota's application of equitable estoppel, we need not reconcile that conflict in this case.  Bell argues that, contrary to the district court's determination, fraud is not a necessary element of equitable estoppel in South Dakota.  We agree with her observation that the Supreme Court of South Dakota has divergent lines of cases defining the elements of equitable estoppel.  One line of cases requires fraud, false representations, or concealment of material

---

[3]We note that, although we need not resolve the issue in this case, the Supreme Court has strongly indicated that federal courts should apply both the state's equitable tolling and equitable estoppel principles when it borrows the state's statute of limitations.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 269 (1985) (state law governs "the length of the limitations period, and closely related questions of tolling and application"); <u>Board of Regents v. Tomanio</u>, 446 U.S. 478, 484-86 (1980) (federal courts should borrow forum state's most analogous statute of limitations as well as its body of tolling rules); <u>Johnson v. Railway Express Agency, Inc.</u>, 421 U.S. 454, 463-65 (1975) ("In virtually all statutes of limitations the chronological length of the limitations period is interrelated with provisions regarding tolling, revival, and questions of application.").

-6-

facts, while another line of cases requires only that a party be misled to his detriment by statements or actions of the other party. See Harmon v. Christy Lumber, Inc., 402 N.W.2d 690, 693 (S.D. 1987). Most recently, the Supreme Court of South Dakota held that fraud is a necessary element of equitable estoppel. See Crouse v. Crouse, 1996 WL 428003, at *4 (S.D. July 31, 1996) ("Essential to equitable estoppel is the presence of fraud, false representations, or concealment of material facts."). In Kahler, Inc. v. Weiss, 539 N.W.2d 86, 91 (S.D. 1995), the court stated as follows:

> "[F]alse representations or concealment of material facts must exist, the party to whom it was made must have been without knowledge of the real facts, the representations or concealment must have been with the intention that it should be acted upon, and the party to whom it was made must have relied thereon to his prejudice or injury. There can be no estoppel if any of these essential elements are lacking, or if any of them have not been proved by clear and convincing evidence . . . .
>
> An essential element of equitable estoppel is fraud. There must be some intended deception in the conduct or declaration of the party to be estopped or such gross negligence on his part as to amount to constructive fraud. . . ."

Id. (quoting Century 21 Associated Realty v. Hoffman, 503 N.W. 2d 861, 866 (S.D. 1993)) (alteration in original). See also Erickson v. County of Brookings, 541 N.W.2d 734, 737 (S.D. 1996) (noting that absent a duty to speak there must be intended deception, not simply "innocent silence or inaction," in order for equitable estoppel to apply); Smith v. Neville, 539 N.W.2d 679, 682 (S.D. 1995) (same).

Even assuming fraud is not necessary in every equitable estoppel case, the situation at hand is closely akin to those where intended deception has been required. The South Dakota courts have

clearly held that equitable estoppel should be used sparingly against a public entity.  <u>See</u> <u>Neville</u>, 539 N.W. 2d at 682; <u>Hanson v. Brookings Hosp.</u>, 469 N.W.2d 826, 829 (S.D. 1991).  These cases indicate that equitable estoppel may be applied against public entities only in those instances in which the entity or its employees actively mislead or deceive an individual with the intent that the individual alter his position to his detriment.  <u>See</u> <u>Erickson</u>, 541 N.W.2d at 737; <u>Neville</u>, 539 N.W.2d at 682.  In other words, these cases suggest that for equitable estoppel to apply to  a public entity, that entity or its employees must have engaged in fraud.

Bell has presented no evidence to create a material factual issue that the City or any of its employees, specifically Ensley and Hallwas, intended to deceive Bell when they initially provided her with the wrong date of the street dance.  At the time that Hallwas provided the wrong date to Ensley, Hallwas did not know the purpose of his question but only that the date was relevant to an investigation that Ensley was conducting.  Moreover, even if she knew that the date would be provided to Bell, there is no indication that Hallwas was aware that Bell would rely exclusively on the date provided to determine the limitations period for a civil case or that Hallwas knew of the three-year statute.  Bell makes much of the fact that Hallwas discovered the error prior to the time that the statute of limitations expired, but Hallwas did provide the correct date to Ensley, and again, there is no evidence that Hallwas intended to deceive Bell.  Similarly, there is no evidence that Ensley intended to deceive Bell when he provided her the erroneous date.  In fact, the record undermines any claim that Ensley attempted to deceive her.  Ensley was investigating Fowler's criminal act, and he actively encouraged Bell to consult with outside counsel for the purposes of filing a civil lawsuit.  Accordingly, Bell has failed to show the existence of a material factual issue concerning whether the city, through Ensley and

Hallwas, sought to deceive Bell by providing the wrong date of the street dance.  Therefore, Bell has failed to establish a material question of fact on the issue of fraud, a necessary element of South Dakota's equitable estoppel doctrine.

Additionally, even applying the lower South Dakota estoppel standard, which permits use of the doctrine on the basis of merely misleading conduct, Bell's claim fails.  The South Dakota courts have historically held that equitable estoppel is to be applied only in cases where the party asserting the estoppel was without knowledge of the facts at issue and was also without a means of obtaining knowledge of those facts.  See First Church of Christ Scientist v. Revell, 2 N.W.2d 674, 678 (S.D. 1942).  In this case, as the victim of Fowler's attack, Bell had direct access to and personal knowledge of the facts at issue, such that she can be properly charged with knowledge of when her claim arose.  Given her first-hand knowledge of the incident, with due diligence, Bell could have determined the true date on which the attack occurred well before the statute of limitations expired on July 7, 1994.  Fowler was charged criminally on May 6, 1994, with attempted rape in the second degree for his July 7, 1991, assault on Bell.  State v. Fowler, 1996 WL 350111 (S.D. June 26, 1996).  Presumably, law enforcement officers were in contact with Bell both before and after the date that Fowler was charged, and in any event the charging document was a public record.  Further, Bell certainly was at least aware that the assault took place on a summer night in 1991, that a street dance had been held, that a band known as "The Rumbles" had played that evening, and that she had attended the dance with her own sister.  Bell simply could have contacted the band or her sister to determine the date.  Moreover, Hallwas indicated that the date of the dance was in a local newspaper, which Bell could reasonably have searched out and examined to determine the date of the dance.  Bell never availed herself of any of these methods by which she could have quickly discovered the

correct date of the attack. Because Bell possessed all knowledge of the assault and numerous easily accessible means were available to Bell to determine the exact date that the assault occurred well before the expiration of the statute of limitations, she has failed to present evidence of a genuine issue of material fact concerning whether she reasonably relied on Ensley's representation of the date of the street dance. Accordingly, equitable estoppel is not appropriate under South Dakota law.

Likewise, the federal law of equitable estoppel, if applicable, does not afford Bell any relief from the statute of limitations.[4] In order for a defendant to be equitably estopped from asserting the statute of limitations under federal law, the party requesting the estoppel must show that the defendants have engaged in "affirmative conduct . . . that was designed to mislead or was unmistakably likely to mislead" a plaintiff. Garfield v. J.C. Nichols Real Estate, 57 F.3d 662, 666 (8th Cir.), cert. denied, 116 S. Ct. 380 (1995). See also Dring v. McDonnell Douglas Corp., 58 F.3d 1323, 1329 (8th Cir. 1995) (equitable estoppel applicable when defendant engages in a "deliberate design" intended to mislead the plaintiff; in other words, when plaintiff is "lulled or tricked" into taking certain actions based on defendant's conduct or actions). This definition is synonymous with South Dakota's more strenuous estoppel definition, which requires fraud. We noted above that Bell has failed to show that the defendants' actions in this case were in any manner fraudulent. Accordingly, even if federal estoppel principles apply, Bell would not be entitled to relief from the three-year statute of limitations which

---

[4]We note that, at least with respect to the federal government, "[w]e have not decided whether equitable estoppel is available against the government in a civil case." United States v. French, 46 F.3d 710 (8th Cir. 1995). We simply assume for the purposes of discussion that it could apply here as against a city and its employees.

bars her federal and state law claims that arise out of Fowler's assault on Bell.

**B.**

Bell argues that her § 1983 claim alleging that the defendants failed to investigate her charges survives the statute of limitations, because this cause of action did not arise until sometime in August 1991. In August 1991, the chief of police at the time, Scott Price, knew of Bell's allegations against Fowler, and did nothing to investigate the incident. Bell contends that the mayor and council members also knew and failed to act, all resulting in a violation of her constitutional rights and severe emotional distress.

The individual defendants may be subject to § 1983 liability for failing to adequately respond or investigate complaints of sexual misconduct by police department employees if they received notice of a pattern of unconstitutional conduct by subordinates, demonstrated deliberate indifference to or tacit authorization of the conduct, failed to take sufficient remedial action, and the plaintiff was injured by the conduct. Larson v. Miller, 76 F.3d 1446, 1453 (8th Cir. 1996) (en banc); Jane Doe A. v. Special Sch. Dist., 901 F.2d 642, 645 (8th Cir. 1990). The City may be subject to § 1983 liability on the showing of a "policy or custom" of failing to act upon prior complaints of unconstitutional conduct, Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 694 (1978), provided the unconstitutional conduct of the city's employees was widespread and persistent, was met with deliberate indifference or tacit authorization of the city's policymaking officials, and resulted in constitutional injury. Thelma D. v. Board of Educ., 934 F.2d 929, 932-33 (8th Cir. 1991); Jane Doe A., 901 F.2d at 645-46. In this case, there must be some evidence of unconstitutional misconduct or a custom of failing to

-11-

act on complaints that caused Bell harm subsequent to July 13, 1991 (to be within three years of when she filed her cause of action), in order to satisfy the statute of limitations.

Viewing the record in the light most favorable to Bell reveals the following: Officer Hanson walked into the police station on the night Fowler was assaulting Bell. He saw Bell and Fowler in the same room together, but he was not aware of the assault at the time. About a week or two later, Hanson approached Bell and asked her what had happened that night. Bell told him of the assault and indicated that she would like to make a complaint. Hanson reported the incident to the chief of police at the time, Scott Price. Price responded, "I wouldn't doubt it, that little weasel," referring to Fowler. (Appellant's App. at 188.) Price never investigated the matter and never contacted Bell about the incident.

Price presented a report to the mayor and the city council in August 1991, evaluating Fowler's work and informing them of Fowler's misconduct. The memo indicated that Fowler had engaged in sexual misconduct with Kristi Andrews (who also brought a civil case against the appellants), that Fowler had been attempting to date a 17-year-old woman against Price's orders, and that there had been complaints from other young women that Fowler had stopped them and then harassed them or made sexual advances toward them. The memo did not mention Fowler's assault of Bell. After being presented with this information, the council immediately requested Fowler to resign, and he did.

It bears repeating that any claim based upon the assault itself is barred by the applicable statute of limitations. Bell must demonstrate the existence of a separate constitutional violation, occurring within the applicable limitations period, in order for any claim to survive summary judgment. For this reason,

Bell's case is distinguishable from <u>Parrish v. Luckie</u>, 963 F.2d 201 (8th Cir. 1992).  There, we affirmed a § 1983 jury verdict against the city of North Little Rock for failing to investigate <u>prior</u> complaints that an officer had been committing acts of violence and sexual misconduct, where the failure to act resulted in a sexual assault on the plaintiff.  Here, Bell contends that she suffered a separate constitutional injury, aside from the assault, when Price and other defendants failed to investigate or act on her complaint that Fowler had assaulted her.  She claims that she suffered emotional distress from the failure to investigate.

After reviewing the record, we conclude that Bell has failed to state a separate constitutional injury from the failure to investigate her assault.  Bell testified that she did not pursue the matter herself.  She did not report the incident, except to respond to Hanson's inquiry, and although she indicated to Hanson her willingness to make a written statement, Bell never did so.  She testified that the defendants did not prevent her from making a complaint but that she chose not to pursue the matter because her friends advised her that such complaints are very difficult on the victim.  Since she chose not to formally make a complaint, any failure to investigate could not have caused her alleged severe emotional distress.  That injury could only stem from the assault itself, a claim that is barred by the statute of limitations.  Given this context, we agree with the district court that any failure to investigate that occurred within the applicable limitations period does not rise to the level of a constitutional violation against Bell.

## C.

Bell's § 1985(3) conspiracy cause of action states that defendants Price (chief of police at the time Fowler was a police officer), Merrill (mayor of North Sioux City who appointed Fowler

as full-time officer), and city council members conspired to deprive Bell of her right to equal protection of the laws by taking no remedial action after complaints against Fowler surfaced prior to Bell's assault and by taking no remedial action after her assault.

To prove a § 1985(3) claim:

[A] complaint must allege that the defendants did (1) "conspire . . ." (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." It must then assert that one or more of the conspirators (3) did, or caused to be done, "any act in furtherance of the object of [the] conspiracy," whereby another was (4a) "injured in his person or property" or (4b) "deprived of having and exercising any right or privilege of a citizen of the United States."

Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). The plaintiff must show that the conspiracy is fueled by some "class-based, invidiously discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993) (internal quotations omitted).

Viewing the evidence in the light most favorable to Bell, there is some evidence tending to show that Price, the mayor at some point, and possibly some city council members may have known of complaints against Fowler, and they took no remedial action against him prior to the time Fowler assaulted Bell. This claim of an alleged conspiracy, standing alone, is barred by the statute of limitations. Bell contends that acts in furtherance of this alleged conspiracy continued to occur after her assault, and therefore, her cause of action is not time-barred. We disagree.

Bell correctly states that the limitations period runs "from the occurrence of the last overt act resulting in damage to the plaintiff." Buford v. Tremayne, 747 F.2d 445, 448 (8th Cir. 1984) Contrary to Bell's assertion, however, she has not presented any evidence that she was injured as a result of the alleged conspirators' inaction after the date of her assault. As noted above, in August 1991, Price notified the mayor and council members of complaints that Fowler had engaged in sexual misconduct with Kristi Andrews and other young women, but this is not an act in furtherance of the alleged conspiracy. Price was requesting that Fowler be discharged, and the mayor and council members took remedial action, asking Fowler to resign. Fowler resigned, and no further harm came to Bell. Bell has demonstrated no acts in furtherance of the alleged conspiracy within the limitations period that resulted in injury to her. Accordingly, the district court did not err in dismissing Bell's § 1985(3) conspiracy claim.

**D.**

Finally, Bell contends that the district court erred in denying her motion to take additional depositions of two North Sioux City council members. She claims that under Fed. R. Civ. P. 30(a)(2)(A), she is entitled to ten depositions but was not allowed to take them. We find no abuse of discretion.

Under Rule 30(a)(2)(A), a party is entitled to up to ten depositions without leave of court, and to obtain discovery depositions beyond ten, leave of court is required. The record reveals that Bell was permitted to take twelve depositions, two more than permitted without leave of court under Rule 30. Although some depositions were taken jointly for both this and a related case, Bell consented and participated in them. Additionally, Bell presented no good reason why the additional depositions were necessary. Bell had already deposed eight North Sioux City council

members, the mayor, and a former police chief at the time that she made the request.  There is no indication that deposing two additional council members, one of whom was not a council member until after Fowler's discharge, would have revealed anything other than what Bell had already obtained.  In short, the additional depositions simply would have been cumulative and would have served no proper purpose.  The district court committed no abuse of discretion in denying Bell's request.

## III.

For the reasons outlined above, we affirm the judgment of the district court granting summary judgment to the defendants.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.